THE STATE OF OHIO, APPELLANT, *v.* EAFFORD, APPELLEE.

[Cite as *State v. Eafford,* 132 Ohio St.3d 159, 2012-Ohio-2224.]

*Criminal law—R.C. 2925.11—Possession of cocaine—Jury-verdict form omits degree of offense.*

(No. 2011-0599—Submitted January 17, 2012—Decided May 22, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 94718, 2011-Ohio-927.

_____

**O'DONNELL, J.**

{¶ 1}   The state of Ohio appeals from a judgment of the Eighth District Court of Appeals vacating Donald Eafford's felony sentence for possession of cocaine and holding that Eafford was convicted only of misdemeanor possession of drugs because the jury-verdict form did not state the degree of the offense or specify that Eafford had possessed cocaine.

{¶ 2}   Unless a jury verdict states the degree of the offense of which the offender is found guilty or finds an additional element elevating the degree of the offense, the verdict constitutes a finding of guilty of the least degree of the offense charged.   Here, the indictment charged Eafford with possession of cocaine, and the least degree of that offense is a felony of the fifth degree. Further, the evidence presented at trial proved Eafford possessed cocaine, and the trial court instructed the jury that it could find Eafford guilty only if it found the drug involved to be cocaine.   The jury, which found Eafford guilty as charged in the indictment, thus found him guilty of possession of cocaine as a felony of the fifth degree, and the trial court did not plainly err in imposing sentence. Accordingly, the judgment of the court of appeals is reversed, and the sentence is reinstated.

**Facts and Procedural History**

**{¶ 3}** On May 8, 2009, Cleveland police officers executed a search warrant at 12216 Rexford Avenue in Cleveland, Ohio, after an informant purchased a controlled substance there. Upon entering the house, SWAT team members found several people with crack cocaine and drug paraphernalia in plain view, and they found Eafford, the lessee, upstairs. A subsequent search of the premises revealed drug paraphernalia in Eafford's bedside table and a glass and rubber pipe with cocaine residue in his bathroom medicine cabinet.

**{¶ 4}** A grand jury indicted Eafford on charges of permitting drug abuse in violation of R.C. 2925.13(B); possession of "cocaine or a compound, mixture, preparation, or substance containing cocaine in an amount of less than 5 grams" in violation of R.C. 2925.11(A); and possession of criminal tools in violation of R.C. 2923.24(A). The matter proceeded to a jury trial, where Cynthia Lewis, a scientific examiner with the Cleveland Police forensic laboratory, testified that she determined "the material contained in the glass and rubber pipe to be positive for cocaine." At the close of the state's case in chief, the trial court directed a verdict of acquittal on the charge of possession of criminal tools because the state failed to identify residue on the paraphernalia found in the bedside table and did not identify the paraphernalia as used for drugs. The defense rested without presenting any evidence.

**{¶ 5}** Our focus in this appeal concerns only the verdict in connection with the second count of the indictment. Regarding this count, the trial court instructed the jury as follows:

> The defendant, Donald Eafford, is charged in Count 2 of the
> indictment with possession of drugs, in violation of Ohio Revised
> Code Section 2925.11. Before you can find the defendant guilty,
> you must find beyond a reasonable doubt that on or about the 8th

day of May, 2009, and in Cuyahoga County, Ohio, the defendant did knowingly obtain, possess or use a controlled substance, and the drug involved was cocaine or a compound, mixture, preparation or substance containing cocaine in an amount less than five grams.

The court also submitted a written copy of this instruction to the jury for its use during deliberations.

**{¶ 6}** The jury returned guilty verdicts on Counts One and Two. The verdict form for Count Two stated: "We, the Jury in this case being duly impaneled and sworn, do find the Defendant, Donald Eafford, guilty of *Possession of Drugs* in violation of §2925.11(A) of the Ohio Revised Code, *as charged in Count Two of the indictment*." (Emphasis added.) Neither the prosecutor nor defense counsel objected to the language of the forms either prior to submission to the jury or at the time the jury returned the verdicts. At sentencing, all parties agreed that "Counts 1 and 2 are felonies of the fifth degree."[1] The court therefore sentenced Eafford to an eight-month term of incarceration for permitting drug abuse to be served concurrently with an eight-month term for possession of cocaine.

**{¶ 7}** The Eighth District Court of Appeals vacated the sentence for possession of cocaine and remanded the case for resentencing, explaining:

[T]he verdict form [for Count Two] does not include a statement indicating either the degree of the offense charged or that an aggravating circumstance existed to justify a conviction on the greater offense, specifically that the drug involved was cocaine or

---

1. We note that the judgment of conviction indicates that the possession charge is a felony of the fourth degree.

a compound, mixture, preparation, or substance containing cocaine in an amount less than five grams.

* * *

* * * As this case stands, without a statement of the degree of the offense for which he was convicted, or a statement of the aggravating element demonstrating that defendant was convicted of a greater degree of the offense, he stands convicted of only a misdemeanor.

*State v. Eafford*, 8th Dist. No. 94718, 2011-Ohio-927, ¶ 40, 45.

{¶ 8} The state appealed to this court and contends that when a verdict form contains a finding of guilty as to possession of drugs but omits the name of the specific drug at issue, a sentencing court must look to the totality of the record, including the indictment, the evidence at trial, the argument of counsel, and the jury instructions, to determine the level of the offense. It further maintains that the appellate court erred by relying on *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus, which held that "a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense," because the identity of the drug is an essential, not an aggravating, element of a possession offense, and the lowest degree of possession of cocaine in R.C. 2925.11 is a felony of the fifth degree. According to the state, "to convict [Eafford] of a misdemeanor would conflict with the charging document, not to mention the entire trial. The indictment, evidence, and jury instruction referred exclusively to cocaine, no other drug."

{¶ 9} Eafford emphasizes that a violation of R.C. 2925.11(C)(2), "possession of drugs," is different from a violation of R.C. 2925.11(C)(4),

4

"possession of cocaine." The offense of possession of drugs involves possession of a Schedule III, IV, or V controlled substance, and those schedules do not include cocaine. Eafford asserts that the jury found him guilty of the offense of possession of drugs and because the verdict did not specify either the degree of the offense or a particular quantity of drugs to elevate the offense to a higher degree, he can be sentenced only for a misdemeanor. He maintains that this appeal does not require the court to revisit *Pelfrey*, because it does not involve "a difference between the level of the offense charged in the indictment and a lesser version of the same offense reflected in the verdict form. To the contrary, the problem in this case is that there is a different offense charged in the indictment than that reflected in the verdict form." According to Eafford, overriding the jury's verdict of guilty for possession of drugs and sentencing him for possession of cocaine based on the court's independent review of the record would amount to judicial fact-finding in violation of the Sixth Amendment.

{¶ 10} Accordingly, we are asked to decide whether a jury-verdict form finding an accused guilty of possession of drugs as charged in the indictment supports a conviction for possession of cocaine, when the indictment, the evidence produced at trial, and the jury instructions all refer only to one drug, cocaine.

## Law and Analysis

### *Plain Error*

{¶ 11} Initially, we observe that Eafford failed to object to the verdict form at trial and therefore he has forfeited all but plain error. Crim.R. 52(B) provides, "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, we discussed the standard for noticing plain error:

"First, there must be an error, *i.e.,* a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial."

*Id.* at ¶ 16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶ 12} Nonetheless, we have cautioned that "[e]ven if a forfeited error satisfies these three prongs, * * * Crim.R. 52(B) does not demand that an appellate court correct it." *Barnes* at 27. Rather, as the court observed in *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

*Possession of Controlled Substances*

{¶ 13} R.C. 2925.11(A) states, "No person shall knowingly obtain, possess, or use a controlled substance," and the statute establishes separate offenses based on the identity of the controlled substance involved.

{¶ 14} R.C. 2925.11(C)(2) defines the offense of "possession of drugs":

If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule III, IV, or V, whoever violates division (A) of this section is guilty of possession of drugs. The penalty for the offense shall be determined as follows:

> (a) Except as otherwise provided in division (C)(2)(b), (c), or (d) of this section, possession of drugs is a misdemeanor of the first degree or, if the offender previously has been convicted of a drug abuse offense, a felony of the fifth degree.

Divisions (C)(2)(b) through (d) elevate the offense of possession of drugs based on the bulk amount of the drug involved. The least degree of that offense is a misdemeanor of the first degree.

{¶ 15} R.C. 2925.11(C)(4) defines the separate offense of "possession of cocaine":

> If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
>
> (a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree * * *.

Divisions (C)(4)(b) through (f) elevate the degree of the offense based on the amount of cocaine involved, and thus the least degree of the offense of possession of cocaine is a felony of the fifth degree.

### Degree of Offense

{¶ 16} R.C. 2945.75(A) mandates that the charge and verdict specify the degree of the offense:

When the presence of one or more additional elements makes an offense one of more serious degree:

(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶ 17} Count Two of the indictment alleged that Eafford possessed *cocaine*, expert testimony confirmed that the substance at issue tested positive for *cocaine*, and throughout the trial the parties and the court treated the phrase "possession of drugs" as synonymous with possession of cocaine. Further, in its jury instructions—a copy of which the court submitted to jurors who had it in the deliberating room during deliberations—the trial court explained to the jury that it could not find Eafford guilty of possession of drugs as charged in Count Two *unless it found the drug involved to be cocaine* or a compound, mixture, preparation, or substance *containing cocaine*. And, as we observed in *State v. Johnson*, 71 Ohio St.3d 332, 340, 643 N.E.2d 1098 (1994), "[j]uries are presumed to follow the court's instructions." Thus, when the jury found Eafford guilty *as charged in Count Two of the indictment*, its finding necessarily related to possession of cocaine.

8

{¶ 18} Eafford therefore failed to demonstrate that the trial court committed plain error in these circumstances. The verdict form used the phrase "possession of drugs" but did not ask jurors to specify whether the drug involved in this case was or was not cocaine. The jurors found Eafford "guilty of Possession of Drugs in violation of §2925.11(A) of the Ohio Revised Code, as charged in Count Two of the indictment." The finding in the verdict cannot be described as error, let alone an obvious defect in the trial proceedings, and it did not affect Eafford's substantial rights. He knew from the outset that the state intended to prove his guilt of possession of cocaine. And it did. The form of the jury verdict did not affect the outcome of the trial. The state intended to prove the accused guilty of possession of cocaine, it did so, and the jury in accordance with its findings rendered a verdict in conformity with the evidence presented by the state that Eafford possessed cocaine.

### Conclusion

{¶ 19} Count Two of the indictment charged Eafford with possession of cocaine, the state provided testimony that he possessed cocaine, and the jury returned its verdict on the only verdict form the court submitted to it. That verdict form reflected a finding of guilty *as charged in Count Two of the indictment*, referring to possession of cocaine. Thus, Eafford has not shown that but for the use of this verdict form, the outcome of the trial would have been different. Had he made a timely objection, the court could have modified the verdict form, but Eafford still would have been found guilty of possession of cocaine, because the only evidence in the case demonstrated his possession of cocaine, as he did not offer any defense in this case. Accordingly, we reverse the judgment of the court of appeals and reinstate the sentence imposed by the trial court.

Judgment reversed
and sentence reinstated.

O'CONNOR, C.J., and LUNDBERG STRATTON, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

_____

**LANZINGER, J., dissenting.**

{¶ 20} Because this case at most involves an error correction,[2] I believe that this discretionary appeal was improvidently allowed, and I dissent on grounds that a reversal of the court of appeals' judgment is a violation of defendant's Sixth Amendment rights. The United States Supreme Court has clearly held that a court may not usurp the fact-finding of a jury through judicial findings. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We have also acknowledged that principle. *See State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Yet by holding that a verdict form can be modified by the indictment, the evidence at trial, the argument of counsel, and the jury instructions, the majority allows a judge to supplant the language of the jury verdict and the jury's findings.

{¶ 21} The problem in this case is that the verdict form contains neither the degree of the offense nor the fact that the controlled substance is cocaine:

> We, the Jury in this case, being duly impaneled and sworn, do find the Defendant, Donald Eafford, guilty of Possession of Drugs in violation of §2925.11(A) of the Ohio Revised Code, as charged in Count Two of the indictment.

_____

2. The only error appears to be that the court of appeals did not hold that the conviction on Count Two was for a misdemeanor of the first, rather than third, degree. *See* R.C. 2925.11(C)(2)(a). Otherwise, the court of appeals' judgment should be affirmed.

Count Two of the indictment states more specifically, "*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully* did knowingly obtain, possess, or use a controlled substance and the drug involved was cocaine or a compound, mixture, preparation, or substance containing cocaine in an amount of less than 5 grams." (Emphasis added.) But the verdict did not include this language.

{¶ 22} We have held that "[p]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *State v. Pelfrey,* 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus.

{¶ 23} Here, the jury found Eafford guilty of a violation of R.C. 2925.11(A), which states, "No person shall knowingly obtain, possess, or use a controlled substance." But the verdict did not name either the controlled substance involved or the degree of the offense to allow the judge to sentence in accordance with the jury's finding.

{¶ 24} Although the indictment names the offense under Count Two, "possession of drugs, a violation of R.C. 2925.11(A)," the violation is more accurately "possession of a controlled substance." The offense, "possession of drugs," involves the possession of Schedule III, IV, or V controlled substances. R.C. 2925.11(C)(2). For an amount less than the bulk amount, the offense is a misdemeanor of the first degree. R.C. 2925.11(C)(2)(a). Possession of cocaine, a Schedule II controlled substance, is an offense that differs from possession of drugs. The grand jury indicted Eafford for possession of cocaine under R.C. 2925.11(C)(4). "If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section *is guilty of possession of cocaine*." (Emphasis added.) For

substances less than five grams, the offense is a felony of the fifth degree. R.C. 2925.11(C)(4)(a).

**{¶ 25}** The court of appeals appropriately held that the missing facts could not be supplied by the indictment or cured by the trial court's instructions. When the trial judge ignored the verdict form reflecting misdemeanor possession of drugs and sentenced Eafford for felony possession of cocaine, the court substituted its own findings for that of the jury. This situation could have been avoided by the prosecutor's careful review of the verdict form before it was submitted to the jury. This case should be dismissed as having been improvidently allowed.

PFEIFER, J., concurs in the foregoing dissenting opinion.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and David M. King and John T. Martin, Assistant Public Defenders, for appellee.

Ron O'Brien, Franklin County Prosecuting Attorney, and Laura R. Swisher, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Franklin County Prosecuting Attorney.

_____