[Cite as *State v. Sowards*, 2013-Ohio-3265.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                 :

    Plaintiff-Appellee,        :     Case No. 06CA13

    vs.                       :

WILLIAM S. SOWARDS,      :     DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.     :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Kerry M. Donahue, 6295 Emerald Parkway, Dublin, Ohio.
                               43016

COUNSEL FOR APPELLEE:     C. Jeffrey Adkins, Gallia County Prosecuting Attorney, and
                               Eric R. Mulford, Gallia County Assistant Prosecuting
                               Attorney, 18 Locust Street, #1267, Gallipolis, Ohio 45631

_____CRIMINAL APPEAL FROM
COMMON PLEAS COURT
DATE JOURNALIZED: 7-18-13
ABELE, J.

{¶ 1} This matter comes on for consideration of a re-opened appeal. William S.

Sowards, defendant below and appellant herein, assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT FINDING AND SENTENCE VIOLATED
O.R.C. §2945.75 AND STATE OF OHIO V. PELFREY."

SECOND ASSIGNMENT OF ERROR:

"THE APPELLANT WAS DENIED HIS CONSTITUTIONAL
RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND HIS
CONSTITUTIONAL RIGHT TO A JURY TRIAL."

{¶ 2}   A jury found appellant guilty of drug possession in violation of R.C. 2925.11(A). We affirmed that judgment.   See *State v. Sowards*, 4th Dist. No. 06CA13, 2007-Ohio- 4863 (*Sowards I*).   Thereafter, the Ohio Supreme Court declined to hear further appeal, as did the United States Supreme Court.   See *State v. Sowards*, 116 Ohio St.3d 1508, 2008–Ohio–381, 880 N.E.2d 484(*Sowards IA*), and *Sowards v. State*, 555 U.S. 816, 129 S.Ct. 69, 172 L.Ed.2d 26 (2008) (*Sowards IB*).

{¶ 3}   On November 12, 2008, appellant filed a motion to vacate his sentence on grounds of R.C. 2945.75(A)(2) and *State v. Pelfrey*, 112 Ohio St.3d 422, 2007–Ohio–256, 860 N.E.2d 735.   Appellant argued that the 2006 verdict did not properly set out the degree of the offense.   The trial court denied his motion and we affirmed that judgment.   See *State v. Sowards*, 4th Dist. No. 09CA8, 2011-Ohio-1660 (*Sowards II*).   In so doing, we noted that, to the extent appellant argued appellate counsel's constitutionally ineffectiveness for failing to raise this issue in *Sowards I,* an App.R. 26(B) application to reopen appeal *is* the proper vehicle to raise that argument.   Such application was filed on May 14, 2012.   We granted that application in *State v. Sowards*, 4th Dist. No. 06CA13 (*Sowards IIA*) and the matter is before on the re-opened appeal.

{¶ 4}   We jointly consider the two assignments of error because they both relate to the same issue.   Appellant argues that his conviction and sentence violates R.C. 2945.75 and the Ohio Supreme Court's decision in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007- Ohio-256, 860 N.E.2d 735.   We begin our analysis with a review of the statute and *Pelfrey*.   R.C. 2945.75

specifies that, when "the presence of one or more additional elements makes an offense one of more serious degree" the verdict must "state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present." Otherwise, the guilty verdict constitutes only a finding of guilt for the least degree of the offense charged. The Ohio Supreme Court held in *Pelfrey* that the statute's language is clear and must be strictly applied. 2007-Ohio-256, at ¶11&14.

{¶ 5} Turning now to the facts in the case sub judice, the October 27, 2006 verdict form stated that the jury found appellant guilty of possession of drugs. However, the form neither specified the degree of the offense nor any additional elements. Thus, the form appears to violate R.C. 2945.75 and *Pelfrey*. The question now is whether this matter must be remanded for re-sentencing on the basis that appellant violated the least degree of the offense charged.

{¶ 6} The appellee, however, cites a more recent Ohio Supreme Court decision wherein the Court appears to make an exception to *Pelfrey* under certain circumstances. See *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891. The facts in *Eafford* reveal that the Cuyahoga County Grand Jury returned indictments on three different charges – one for the possession of cocaine in violation of R.C. 2925.11(A). Id. at ¶4. A guilty verdict was returned on that charge, but the verdict did not specify the drug, the degree of the offense or any other additional element. Id. at ¶6. Appellant was later sentenced for a fifth degree felony on the cocaine possession charge. Id. However, the Eighth District vacated the sentence on grounds the verdict was insufficiently specific and remanded the matter for re-sentencing on grounds that appellant could only be considered as having committed a misdemeanor. Id. at ¶7.

**{¶ 7}** Subsequently, the Ohio Supreme Court reversed the Eighth District's judgment, in part, because the verdict form made reference to the count of the indictment that specified "cocaine" as the drug in question. Id. at ¶¶17-19.[1]   The State argues that we should apply *Eafford* here and, likewise, affirm the sentence.   We agree.

**{¶ 8}** In the case at bar, the October 27, 2006 verdict form explicitly states that the jury found appellant "Guilty of Possession of Drugs in a manner and form as he stands <u>charged in the Indictment</u>." (Emphasis added.)[2]   Although the body of the form does not specify which count of the indictment, that information is set out in the title of the verdict which states "COUNT ONE POSSESSION OF DRUGS[.]" We also hasten to add that count one of the indictment specifies that appellant was charged with the possession or use of Marijuana "in an amount exceeding twenty thousand grams" and that the charge was "[a] felony of the second degree."

**{¶ 9}** Appellant does not address *Eafford* in his brief.   He does not contend that any deficiency occurred in the evidence regarding the amount of marijuana nor does he claim that the jury instructions were deficient.[3]   We therefore conclude that the Court's reasoning in *Eafford* applies here.

---

1 The Ohio Supreme Court does not discuss the extent to which *Eafford* limits, or even overrules, *Pelfrey*.   For instance, in *Pelfrey* the Court expressly noted that a verdict form could not escape application of R.C. 2945.75 simply by referring to the crime charged in the indictment. 2007-Ohio-256, at ¶14.   However, in *Eafford* this is precisely what the Supreme Court does in reversing the Eighth District Court of Appeals. 2012-Ohio-2224, at ¶18.

2 This Court has, in the past, distinguished *Eafford* and declined to apply it because the language "as charged in the indictment" was not included on the verdict form. See e.g. *State v. Dixon*, 4th Dist. No. 11CA3413, 2012-Ohio-4689, at ¶37; *State v. Durr*, 4th Dist. No. 11CA3411, 2012-Ohio-4691, at ¶69; *State v. Pippen*, 4th Dist. No. 11CA3412, 2012-Ohio-4692, at ¶94.   Here, however, the verdict form does include that language.

3 These are other factors the Ohio Supreme Court considered. 2012-Ohio-2224, at ¶¶17&19.

{¶ 10} Of course, the procedural posture of this case is different than *Eafford*. The Ohio Supreme Court was asked whether the failure to object to deficiency in the verdict form constituted plain error under Crim.R. 52(B). 2012-Ohio-2224, at ¶¶11-12&18. The question before us, however, is whether appellate counsel was constitutionally ineffective for failing to file a supplemental brief in *Sowards I* that argues the *Pelfrey* decision.

{¶ 11} As we noted in Sowards IIA, the standard of review employed when considering ineffective assistance of counsel claims is whether an appellant can establish counsel's defective performance, as well as some resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); also see *State v. Goodwin*, 84 Ohio St.3d 331, 334, 703 N.E.2d 1251 (1999); *State v. Goff*, 82 Ohio St.3d 123, 129, 694 N.E.2d 916 (1998). An appellant must show a reasonable probability exists that, but for trial counsel's errors, the result of the action would have been different. *Strickland*, supra at 687-688. In light of Eafford, which applies just as retrospectively as *Pelfrey*, we are not persuaded the outcome of the case sub judice would have been different.

{¶ 12} For these reasons, we hereby overrule appellant's first and second assignments of error and affirm the trial court's judgment.[4]

JUDGMENT AFFIRMED.

---

[4] At the conclusion of his statement of facts, appellant makes a passing reference to an argument that allowing the original sentence to stand would violate several of his federal constitutional rights, as well as the United States Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Those issues, however, were raised by Justices Lanzinger and Pfeifer in their dissent to the majority opinion in *Eafford*. 2012-Ohio-2224, at ¶20. Presumably, the other justices considered those arguments but found them wanting. Suffice it to say that we are bound by the court's implicit rejection of those issues.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.