[Cite as *State v. Proctor*, 2013-Ohio-4577.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

BRANDON S. PROCTOR

    Appellant

C.A. No.     26740

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 12 07 2169

DECISION AND JOURNAL ENTRY

Dated: October 16, 2013

WHITMORE, Judge.

{¶1}   Defendant-Appellant, Brandon Proctor, appeals from a judgment of the Summit County Court of Common Pleas.  This Court affirms.

I

{¶2}   In August 2012, Proctor was indicted for one count of grand theft in violation of R.C. 2913.02(A)(1), as a felony of the fourth degree.  The indictment alleged that Proctor had knowingly obtained or exerted control over a motor vehicle without consent of the owner, and with the intent to deprive the owner of the car.  Proctor was found guilty by a jury and sentenced to six months in prison, to be served consecutive to his sentence for another case.  Proctor now appeals and raises two assignments of error for our review.

II

Assignment of Error Number One

TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN SENTENCING PROCTOR FOR THEFT AS A FOURTH DEGREE FELONY, INSTEAD OF A FIRST DEGREE MISDEMEANOR, BECAUSE THE JURY VERDICT DID NOT INCLUDE THE DEGREE OF THE OFFENSE, NOR ANY AGGRAVATING ELEMENTS AS REQUIRED UNDER R.C. 2945.75(A)(2) AND *STATE V. PELFREY*.

**{¶3}** In his first assignment of error, Proctor argues that the verdict form did not comply with R.C. 2945.75(A)(2), and therefore, is insufficient to support his fourth-degree felony conviction. Under the facts of this case, we disagree.

**{¶4}** Proctor did not object to the verdict form at trial, and therefore, he has forfeited all but plain error. *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, ¶ 11. Plain error will only be found if it affects a substantial right. Crim.R. 52. There are three requirements to finding plain error. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 15-16. First, there must be an error. *Id*. at ¶ 16. Second, the error must be obvious. *Id*. Lastly, the error must have affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "The plain error rule should be applied with caution and should be invoked only to avoid a clear miscarriage of justice." (Quotation omitted.) *State v. Long*, 53 Ohio St.2d 91, 95 (1978).

**{¶5}** R.C. 2913.02(A)(1) provides, in relevant part, that "[n]o person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over [ ] the property * * * [w]ithout the consent of the owner * * *." If the property stolen is a motor vehicle, the charge is "grand theft of a motor vehicle, a felony of the fourth degree." R.C. 2913.02(B)(5). However, without proof of the value of the property stolen or that the property was of a type specifically enumerated in the statute, violation of R.C. 2913.02(A)(1) is a misdemeanor of the first degree. R.C. 2913.02(B)(2).

{¶6}   R.C. 2945.75(A)(2) provides that:

When the presence of one or more additional elements makes an offense one of more serious degree * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present.  Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

Here, the verdict form included the following language:

We, the Jury, being duly impaneled and sworn, do find the Defendant, Brandon S. Proctor, Guilty of the offense of GRAND THEFT.

The verdict form did not include the degree of the offense, or specify that the theft was of a motor vehicle.  Assuming arguendo that this was an obvious error, it does not rise to the level of plain error.  *See Payne*, 114 Ohio St.3d at ¶ 15-16.

{¶7}   The language of Proctor's indictment clearly provided him notice that he was being charged with grand theft of a motor vehicle, i.e., a 1995 Oldsmobile.  The only testimony of theft adduced at trial was related to the Oldsmobile.  Further, the jury instructions given specifically stated that "[b]efore you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about the 28th day of July, 2012, and in Summit County, the Defendant, with purpose to deprive the owner * * * of property, knowingly obtained or exerted control over the property without the consent of the owner, and said property was a motor vehicle, to wit: a 1995 Oldsmobile."  The court went on to define a motor vehicle and to inform the jury that the parties had stipulated that a 1995 Oldsmobile is a motor vehicle.  "[J]uries are presumed to follow the court's instructions." *Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, at ¶ 17, quoting *State v. Johnson*, 71 Ohio St.3d 332, 340 (1994).  Under the circumstances of this case, "[t]he form of the jury verdict did not affect the outcome of the trial." *Eafford* at ¶ 18.  Because Proctor has failed to demonstrate that a substantial right was affected, there is no plain error.  *See* Crim.R. 52.

{¶8}  Proctor's first assignment of error is overruled.

Assignment of Error Number Two

PROCTOR WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT SHOULD HAVE SENTENCED PROCTOR ON HIS THEFT CONVICTION AS A FIRST DEGREE MISDEMEANOR.

{¶9}  In his second assignment of error, Proctor argues that his counsel was ineffective for failing to object to the sentencing of his theft conviction as a fourth-degree felony.

{¶10}  To prove ineffective assistance of counsel, Proctor must establish that (1) his counsel's performance was deficient, and (2) that but for counsel's deficient performance there is a reasonable probability that the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This Court need not address both *Strickland* prongs if an appellant fails to prove either one.  *State v. Jones*, 9th Dist. Summit No. 26226, 2012-Ohio-2744, ¶ 16.

{¶11}  The record supports Proctor's conviction as a felony of the fourth degree. Therefore, Proctor cannot demonstrate that the result of his trial would have been different. Because Proctor cannot show prejudice, his claim of ineffective assistance of counsel must fail. Accordingly, Proctor's second assignment of error is overruled.

III

{¶12}  Proctor's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———————————————————
BETH WHITMORE
FOR THE COURT


BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶13} Because I cannot conclude, given the facts of the instant matter, that the holding of *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, has been violated, I concur in the majority's judgment. Mr. Proctor was charged with grand theft of an automobile, a fourth-degree felony. *See* R.C. 2913.02(B)(5). As set forth in its verdict form, the jury specifically found him guilty of grand theft. The lowest form of the offense of grand theft, as defined in R.C. 2913.02(B) is a fourth-degree felony. Thus, Mr. Proctor was found guilty of the lowest form of the offense. *See Pelfrey* at syllabus. In some instances, the failure of the verdict form to identify the degree of the offense of grand theft or the aggravating factor elevating it from a fourth-degree

felony to one of a higher degree would implicate *Pelfrey* and a violation of R.C. 2945.75. However, such is not the case with respect to Mr. Proctor's conviction.

CARR, J.
DISSENTING.

{¶14}  I respectfully dissent in regard to the majority's resolution of the first assignment of error on the authority of *State v. Horne*, 9th Dist. Summit No. 25238, 2011-Ohio-1901.  I would further conclude that the second assignment of error is moot.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.