[Cite as *State v. Wells*, 2016-Ohio-7464.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.      27801 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CALVIN E. WELLS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.      CR 13 11 3271 |

DECISION AND JOURNAL ENTRY

Dated: October 26, 2016

CARR, Presiding Judge.

{¶1}    Appellant, Calvin Wells, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    On December 6, 2013, the Summit County Grand Jury indicted Wells on one count of felonious assault with attendant firearm and repeat violent offender specifications, as well as one count of having weapons while under disability.  Wells pleaded not guilty to the charges and the matter proceeded to a jury trial.  Though he was ultimately found not guilty of felonious assault, Wells was convicted of the lesser-included offense of negligent assault, as well as having weapons while under disability.  The trial court imposed a 30-month prison sentence.

{¶3}    On appeal, Wells raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

APPELLANT WELLS CONVICTION FOR WEAPON UNDER DISABILITY, A FELONY OF THE THIRD DEGREE, VIOLATED R.C. 2945.75(A)(2) BECAUSE THE JURY VERDICTS DID NOT INCLUDE THE DEGREE OF THE OFFENSE, NOR ANY AGGRAVATING ELEMENTS.

{¶4} In his sole assignment of error, Wells contends that his conviction for having weapons while under disability as a felony of the third degree was unlawful because the jury verdict form did not contain either the degree of the offense or any aggravating elements. This Court disagrees.

{¶5} Wells did not object to the jury form at trial. When a defendant fails to register an objection to a verdict form before the trial court, he or she forfeits all but plain error on appeal. *State v. Henry*, 9th Dist. Summit No. 27758, 2016-Ohio-680, ¶ 20, citing *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, ¶ 11. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To constitute plain error, the error must be obvious and have a substantial adverse impact on both the integrity of, and the public's confidence in, the judicial proceedings. *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995). A reviewing court must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice. *State v. Bray*, 9th Dist. Lorain No. 03CA008241, 2004-Ohio-1067, ¶12. "In order to succeed on a plain error claim, the appellant must demonstrate that but for the errors he alleges, the outcome of the trial would clearly have been different." *State v. Thomas*, 9th Dist. Summit No. 26893, 2014-Ohio-2920, ¶ 28, citing *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996).

{¶6} As noted above, Wells was charged with one count of felonious assault, a felony of the second degree, and one count of having weapons while under disability, a felony of the

third degree. A jury found Wells not guilty of felonious assault, but guilty of the lesser-included offense of negligent assault, and guilty of having weapons while under disability. In his merit brief, Wells contends that his conviction for having weapons while under disability as a felony of the third degree violated R.C. 2945.75(A)(2) because the verdict form did not specify the degree of the offense or an additional aggravating element. Wells reasons that because the verdict form did not contain either an aggravating element or the degree of the offense, the charge was not distinguished from the crime of carrying concealed weapons as defined by R.C. 2923.12, a misdemeanor of the first degree.

{¶7} R.C. 2945.75(A)(2) states that "[w]hen the presence of one or more additional elements makes an offense one of more serious degree * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." The Supreme Court of Ohio has held that "[p]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, syllabus.

{¶8} Wells' argument pertaining to his conviction for having weapons while under disability is without merit. Wells likens his conviction to the offense of carrying a concealed weapon which is a first-degree misdemeanor unless the State proves one of the aggravating elements identified in R.C. 2923.12(F)(1). Though Wells argues that his conviction was akin to carrying a concealed weapon, Wells was not charged with that offense, nor was he convicted of an offense that contains an analogous enhancement framework. Wells was charged and

convicted of having weapons while under disability in violation of R.C. 2923.13(A)(3) and the statute specifies that "whoever violates this section is guilty of * * * a felony of the third degree." R.C. 2923.13(B). R.C. 2945.75(A)(2) is inapplicable to offenses where there are no aggravating or additional elements that will enhance the offense to a higher degree. *State v. Edwards*, 9th Dist. Lorain No. 12CA010274, 2013-Ohio-3068, ¶ 35-36. R.C. 2923.13 does not contain any aggravating or additional elements that impact the degree of the offense. Under these circumstances, the trial court did not commit plain error by refusing to reduce the degree of the offense for Wells' conviction.

{¶9} The assignment of error is overruled.

III.

{¶10} Wells' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                     _____

                                     DONNA J. CARR
                                     FOR THE COURT

MOORE, J.
CELEBREZZE, J.
CONCUR.

(Celebrezze, J., of the Eighth District Court of Appeals, sitting by assignment.)

APPEARANCES:

NATHAN A. RAY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.