[Cite as *State v. Parker*, 2018-Ohio-3302.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-17-1052

      Appellee                                Trial Court No. CR0201601776

v.

Robert D. Parker, III                          **DECISION AND JUDGMENT**

      Appellant                              Decided:  August 17, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

George J. Conklin, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a January 25, 2017 judgment of the Lucas County

Court of Common Pleas, finding appellant guilty of five felony offenses.  This case stems

from the discovery of a significant quantity of unlawful drugs and a firearm in appellant's

possession following a lawful traffic stop of a motor vehicle in which appellant was a passenger. For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} On April 26, 2016, appellant was indicted on five counts: Count 1—having a weapon while under a disability, in violation of R.C. 2923.13(A)(2), a third-degree felony, Count 2—possession of heroin, in violation of R.C. 2925.11(A), a fourth-degree felony, Count 3—trafficking in heroin, in violation of R.C. 2925.03(A)(2), a fourth-degree felony, Count 4—possession of cocaine, in violation of R.C. 2925.11(A), a fourth-degree felony, and Count 5—trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a fourth-degree felony.

{¶ 3} On August 15, 2016, appellant filed a motion to suppress the evidence recovered during the search of his person and the vehicle during the traffic stop. On November 7, 2016, the motion was denied. An evidentiary hearing determined that the search conducted by the police was warranted.

{¶ 4} On January 23, 2017, a three-day jury trial commenced. Appellant's charges for cocaine possession and trafficking (Counts 4 and 5) were amended to fifth-degree felonies, in order to be in compliance with the newest Ohio Supreme Court standards in *Gonzales*. On January 25, 2017, appellant was found guilty on all five charges.

{¶ 5} On February 9, 2017, appellant was sentenced to an 18-month term of incarceration for the weapon under a disability charge. The court merged the possession and trafficking of heroin charges and sentenced appellant to a 12-month term of incarceration. Likewise, the court merged the possession and trafficking of cocaine

2.

charges and sentenced appellant to a 12-month term of incarceration. The sentences were ordered to be served concurrently.

{¶ 6} Appellant, Robert D. Parker, sets forth the following seven assignments of error:

I. The trial court erred in failing to grant the appellant's pre-trial motion to suppress.

II. The failure of the court to grant the appellant's motion to suppress prior to trial resulted in additional evidence and the statements of the appellant, which should be considered the fruit of the poisonous tree, to be admitted at the time of the trial thereby denying appellant a fair trial under the United States Constitution.

III. Appellant's convictions were not supported by a sufficiency of evidence.

IV. The prosecution failed to prove the weight of the controlled substances involved in counts two through five of the indictment.

V. The appellant was denied effective assistance of counsel, further denying him the right to due process, equal protection under the law and the right to a fair trial as guaranteed by the United States Constitution and the Fifth Amendment, Sixth Amendment, Eighth Amendment, Ninth Amendment, and Fourteenth Amendment, and those guaranteed under the Ohio Constitution.

3.

VI. The cumulative effect of the errors committed by the trial court violated the appellant's right to a fair trial and his constitutional rights to due process, the right to confront evidence and the right to be free from arbitrary, cruel and unusual punishment in contradiction to U.S. Constitution, Amendments V, VI, VII, IX and XIV and the privileges granted in the Ohio Constitution.

VII. The jury verdict form was defective and as a consequence the failure results in reduction of the drug offenses to the lowest level of the offense charged.

{¶ 7} The following undisputed facts are relevant to this appeal. On December 29, 2015, two Toledo police officers on patrol witnessed a vehicle unlawfully, abruptly change lanes, cutting off another vehicle at a busy intersection in West Toledo. The driver of the other vehicle was forced to slam on the brakes, screech the tires, and honk his horn in a successful effort to avoid a collision. The officers initiated a traffic stop given the marked lane violation that they witnessed.

{¶ 8} Upon completing the traffic stop, the officers observed three men in the vehicle. One officer approached the driver to inform him of the violation and request his information, while another officer approached appellant in the passenger's seat. The officers noted this approach was a common safety precaution when stopping vehicles with multiple passengers.

4.

{¶ 9} Although appellant did not have any identification on his person, he voluntarily disclosed his name and other personal information to the officer. The officers ran a check on the names of everyone in the vehicle and discovered active felony arrest warrants for appellant. Accordingly, the officers arrested and detained appellant.

{¶ 10} Subsequently, additional officers arrived as backup. Appellant was removed from the vehicle. A search of appellant's person, incident to the arrest, recovered a significant quantity of unlawful drugs and $484 in cash in his possession. Multiple baggies of cocaine and heroin were found on appellant's person, each about the size of a golf ball.

{¶ 11} One of the responding officers asked the driver for permission to search the vehicle, which was voluntarily granted. Beneath appellant's seat, the police found a loaded .25 caliber firearm and a scale used in weighing and selling drugs. A dash camera recording confirmed that the driver properly consented to the search, which resulted in the discovery of the above-described items.

{¶ 12} At trial, the testimony of two police officers established the propriety of the underlying traffic stop, providing clear evidence of the traffic violation they had observed. Additionally, their testimony demonstrated that all information provided by appellant, as well as consent to search the vehicle, were given voluntarily.

{¶ 13} Next, a detective testified regarding appellant's interview subsequent to his arrest. After being informed of his *Miranda* rights, appellant admitted to selling and

possessing the unlawful drugs. Appellant further admitted that the gun found in the vehicle belonged to him.

{¶ 14} An analyst from the Toledo Police Crime Lab testified that the substances found were heroin and cocaine. The bags with heroin weighed 2.76 and 2.06 grams, and the bag of cocaine weighed 6.42 grams. Furthermore, an administrator from the Toledo Police Crime Lab testified that the firearm recovered in the vehicle was operable.

{¶ 15} At the conclusion of the trial, appellant's Crim.R. 29 motion for acquittal was denied. Thereafter, the jury returned a verdict finding appellant guilty on all five charges. This timely appeal ensued.

{¶ 16} In the first assignment of error, appellant asserts that the trial court erred in denying his motion to suppress. Appellant suggests that there was impropriety in the stopping of the vehicle, contending that the officers had, "no articulable reason to believe any probable cause existed." We do not concur.

{¶ 17} Appellate review of a motion to suppress presents mixed questions of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 100. The appellate court applies a de novo standard of review to determine whether the facts satisfy the applicable legal standard, and must accept the trial court's findings of fact so long as the facts are supported by competent, credible evidence. *Id.*

{¶ 18} When an officer can reasonably conclude one is committing a marked lanes violation, the officer is justified in stopping the vehicle. *State v. Mays*, 119 Ohio St.3d

6.

406, 894 N.E.2d 1204, 2008-Ohio-4539, syllabus. When stopping such a vehicle, a police officer is able to request identification and complete a computer check to verify that information. *State v. Debrossard*, 4th Dist. Ross No. 13CA3395, 2015-Ohio-1054, ¶ 14. These actions do not constitute an unreasonable search and seizure, as a request for identification is not facially unconstitutional, and is typically characterized as a consensual encounter, not a custodial search. *Id.*, citing *State v. Osborne*, 2d Dist. Montgomery No. 15151, 1995 Ohio App. LEXIS 5452 (Dec. 13, 1995).

{¶ 19} Here, the officers provided clear and convincing evidence that the driver had committed a marked lane traffic violation through their testimony and the recording corroborating the events. The officers lawfully stopped the vehicle and requested information from appellant at the scene, which was voluntarily disclosed. Having ascertained appellant's identity and outstanding felony warrants, a lawful search led to the discovery of appellant's unlawful drugs and firearm. The trial court's denial of appellant's motion to suppress was proper. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 20} In the second assignment of error, appellant asserts that the court's denial of the motion to suppress resulted in further dissemination of evidence that is "fruit of the poisonous tree." We do not concur.

{¶ 21} Given our determination above, appellant's second assignment of error, which is contingent upon the propriety of the first assignment of error, is likewise found not well-taken.

7.

**{¶ 22}** In the third assignment of error, appellant asserts that his convictions were not supported by sufficient evidence. We do not concur.

**{¶ 23}** Whether there is sufficient evidence to support a conviction is a matter of law. *State v. Thompkins*, 78 Ohio St.3d, 380, 386, 678 N.E.2d 541 (1997). In evaluating a sufficiency of the evidence claim, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The appellate court's function is to examine the evidence admitted at trial such that, if it is believed, it would reasonably convince the average mind of the defendant's guilt. *Id.*

**{¶ 24}** We now consider whether the evidence presented at trial was sufficient to convict appellant. R.C. 2923.13 (A)(2) defines the offense of having a weapon while under disability charge as, "Knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if: (2) the person is under indictment for or has been convicted of any felony offense of violence * * *."

**{¶ 25}** The evidence is uncontested that appellant was under disability at the time of his arrest. The police testified that the firearm was found under the seat where appellant had been sitting. Consistently, appellant admitted that the firearm belonged to him. The firearm was also found to be operable by the Toledo Police Crime Lab. Thus, ample evidence was presented at trial to convince a reasonable juror of appellant's guilt.

8.

{¶ 26} R.C. 2925.11(A) establishes that, "No person shall knowingly obtain, possess, or use a controlled substance * * *." R.C. 2925.03(A)(2) establishes that,

No person shall knowingly: (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * * when the offender knows or has reasonable cause to believe that the controlled substance * * * is intended for sale or resale by the offender or another person.

{¶ 27} The record reflects that the officers' testimony, dash cam recording, physical evidence removed from appellant's person and the vehicle, and appellant's confession constituted ample evidence of drug possession and trafficking. The Toledo Police Crime Lab verified that the substances were heroin and cocaine. The detective testified that 2.76 and 2.06 grams of heroin and 6.42 grams of cocaine were packaged for sale and vastly exceeded a personal use amount.

{¶ 28} The record reflects that the evidence presented at trial was ample and sufficient. Accordingly, appellant's third assignment of error is not well-taken.

{¶ 29} In the fourth assignment of error, appellant asserts that the prosecution failed to prove the weight of the controlled substances involved in Counts 2 through 5 of the indictment. Appellant suggests this resulted in an improper classification of the offenses. We do not concur.

9.

**{¶ 30}** *Gonzales I* required the state to prove the amounts and weight for cocaine separate from any filler materials. *State v. Gonzales*, 150 Ohio St.3d 261, 2016-Ohio-8319, 81 N.E.3d 405 ("*Gonzales I*"). *Gonzales II* vacated this ruling, returning to the prior standard. Now, as it was before these cases, the total weight of the mixture of substances controls the appropriate felony level. *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 466. ("*Gonzales II*").

**{¶ 31}** This case arose during the time period between these two rulings. Therefore, the cocaine offenses were initially charged in compliance with the incorrect standard. The charges were later amended to become fifth-degree felonies, the lowest possible degree for this offense, so as to prevent any non-compliance with the continuing evolution of this standard. Charging these offenses at the lowest level was proper under either *Gonzales I* or *Gonzales II*. Lastly, the *Gonzales* rulings only pertained to cocaine offenses and have no bearing on the degree classification of heroin offenses, which were correctly not amended from the original indictment.

**{¶ 32}** Based upon the foregoing, we find that appellant's charges for cocaine and heroin possession and trafficking were properly classified. Accordingly, appellant's fourth assignment of error is not well-taken.

**{¶ 33}** In the fifth assignment of error, appellant asserts a claim of ineffective assistance of counsel for failure to effectuate meaningful plea agreements, failure to properly conduct cross-examination, and failure to challenge the admissibility of the evidence presented at trial. We do not concur.

10.

**{¶ 34}** To establish ineffective assistance of counsel, appellant must demonstrate, "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Martin*, 151 Ohio St.3d 470, 2017-Ohio-7556, 90 N.E.3d 857, ¶ 8, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶ 35}** Trial counsel's discretion to make objections and cross-examine witnesses are regarded as trial strategy, and alone is not enough to establish ineffective assistance of counsel. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 103; *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d, 678, ¶ 118. Similarly, an inability to effectuate meaningful plea negotiations does not constitute ineffective assistance of counsel per se, as the state is not obliged to make any plea agreements. *See State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48.

**{¶ 36}** The failure to make meritless objections on the admission of evidence would not have resulted in a different outcome. Likewise, trial counsel's tactical determinations on plea agreements and cross-examination do not constitute deficient actions that could arguably have altered the outcome. Accordingly, appellant's fifth assignment of error is not well-taken.

**{¶ 37}** In the sixth assignment of error, appellant asserts that the cumulative effect of the assigned errors, while perhaps insufficient to overturn convictions individually,

11.

violates his right to a fair trial and constitutes cause for reversal on a cumulative error basis. We do not concur.

{¶ 38} Under the doctrine of cumulative error, a conviction will be reversed when the overall effect of errors in a trial deprives a defendant of a fair trial even though each of the many instances of error does not individually necessitate reversal. *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 1211, ¶ 223.

{¶ 39} Given our determinations above that appellant has failed to demonstrate errors, cumulative error cannot be established in this case. Accordingly, appellant's sixth assignment of error is not well-taken.

{¶ 40} In the seventh and final assignment of error, appellant asserts that the jury verdict form was defective, as it did not state the degree of the offenses charged. Appellant contends these improper classifications prejudiced him. We do not concur.

{¶ 41} When there is no objection to a jury verdict form at trial, the issue is subject to a plain error standard of review. *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891, ¶ 11. It must be shown that this error resulted in a different trial outcome, which would have been different but for the error. *Id.* at ¶ 19.

{¶ 42} R.C. 2945.75(A)(2) establishes that when an element exists that would make an offense of a more serious degree, "A guilty verdict shall state either the degree of the offense * * *, or the element raising the degree. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

12.

{¶ 43} In the present case, the jury verdict form used in the trial court explicitly cited the applicable subsections of code for each offense, which provided clarity as to the degree of the offense. The cocaine possession and trafficking offenses were charged as fifth-degree felonies, the lowest that can be charged. The heroin possession and trafficking offenses cited to R.C. 2925.03 (C)(6)(c), in which a fourth-degree felony was the lowest possible offense degree, was charged. Likewise, the having weapons under a disability offense cited R.C. 2923.13, establishing the offense as a third-degree felony.

{¶ 44} The verdict form cited the proper code subsections and thereby sufficiently conveyed the degree classifications of the offenses. Appellant has failed to establish prejudice as a result of the disputed jury verdict form. Accordingly, appellant's seventh assignment of error is not well-taken.

{¶ 45} Based upon the foregoing, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                       _____
                                                                         JUDGE

James D. Jensen, J.

Christine E. Mayle, P.J.             _____
CONCUR.                                                                       JUDGE

                                                 _____
                                                                         JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.