[Cite as *State v. Hess*, 2013-Ohio-4268.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 12CA0064 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| PAUL HESS | WAYNE COUNTY MUNICIPAL COURT |
| | COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. TRC 12-04-03423 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

CARR, Judge.

{¶1} Appellant, Paul Hess, appeals the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2} This case arises out of a traffic accident that occurred in Wooster, Ohio, on April 16, 2012. Paul Hess was charged with three counts of driving while under the influence of alcohol, and one count of failure to control. Hess initially pleaded not guilty to the charges. The matter proceeded to a bench trial. At the conclusion of the State's case-in-chief, the defense moved for a judgment of acquittal on two of the three OVI charges. The State did not contest the motion, and it was subsequently granted by the trial court. After closing arguments, the trial court found Hess guilty of one count of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), and one count of failure to control. Hess was assessed a $750 fine, and given 30-day jail sentence. Six days of the jail sentence were ordered to be served in the

Wayne County Jail, and the remaining days could be served on house arrest. Hess was also placed on probation for 18 months.

{¶3} Hess filed a timely notice of appeal. On appeal, he raises two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FINDING THAT THE EVIDENCE PRESENTED BY THE STATE WAS SUFFICIENT AS A MATTER OF LAW TO PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT OF VIOLATING R.C. 4511.19(A)(1)(a).

{¶4} In his first assignment of error, Hess argues that the State failed to present sufficient evidence to convict him of violating R.C. 4511.19(A)(1)(a). This Court disagrees.

{¶5} Hess challenges his conviction pursuant to R.C. 4511.19(A)(1)(a), which states, "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶6} In support of his assignment of error, Hess argues that the evidence presented at trial did not rise to the level needed to prove guilt beyond a reasonable doubt. Hess argues that Officer Kenneth Saal did not testify about Hess having glossy eyes and slurred speech until he was specifically asked about those conditions by the prosecutor. Hess also argues that, while Officer Saal did testify that he smelled the odor of alcohol when Hess exited the vehicle, Officer Saal did not specifically testify that the odor came from Hess' breath, nor did he comment on the strength of the odor. Hess further asserts that while Officer Saal testified that Hess was unsteady when he emerged from the van, he made no mention of unsteadiness in his police report, and that Hess' "slow" movements could have been a result of the accident itself, and not a sign of

intoxication. Hess concludes that the evidence presented at trial did not demonstrate that his driving skills were impaired.

{¶7} "Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 113, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In reviewing a challenge to the sufficiency of the evidence, "the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Diar* at ¶ 113, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).

{¶8} This Court has previously addressed the type of evidence necessary to support a conviction pursuant to R.C. 4511.19(A)(1), stating:

> In [OVI] prosecutions, the state is not required to establish that a defendant was actually impaired while driving, but rather, need only show impaired driving ability. *State v. Zentner*, 9th Dist. Wayne No. 02CA0040, 2003-Ohio-2352, ¶ 19, citing *State v. Holland*, 11th Dist. Portage No. 98-P-0066 (Dec. 17, 1999). "To prove impaired driving ability, the state can rely on physiological factors (e.g., odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired." *Holland*, [*supra*], citing *State v. Richards*, 11th Dist. Portage No. 98-P-0069 (Oct. 15, 1999). Furthermore, "[v]irtually any lay witness, without special qualifications, may testify as to whether or not an individual is intoxicated." *Zentner* at ¶ 19, quoting *State v. DeLong*, 5th Dist. Fairfield No. 02CA35, 2002-Ohio-5289, ¶ 60." *State v. Slone*, 9th Dist. Medina No. 04CA0103-M, 2005-Ohio-3325, ¶ 9; *see*, *also*, *State v. Standen*, 9th Dist. Lorain No. 05CA008813, 2006-Ohio-3344, ¶ 18.

*State v. Peters*, 9th Dist. Wayne No. 08CA0009, 2008-Ohio-6940, ¶ 5.

{¶9} The only witness that testified at trial was Officer Kenneth Saal of the Wooster Police Department. On April 16, 2012, Officer Saal was working a 12-hour shift that began at 6:00 p.m. While on patrol, at 9:35 p.m., Officer Saal received a call about an accident on South

Bever Street in Wooster, near the railroad bridge. Upon arriving at the scene, Officer Saal noticed that a panel van had tipped on its right side, and that the van's trailer had also tipped on its right side. The trailer had become detached from the van. Officer Saal testified that South Bever Street is a two-lane road with traffic traveling both northbound and southbound, and that the only lane dividers are the pillars that hold up the railroad bridge that runs atop the road. Officer Saal further testified that he found the van and the trailer underneath the bridge, and it appeared that the van had hit the pillar in the middle of the roadway. While Officer Saal did not observe any significant damage to the pillars, he did see the marks left by the collision.

{¶10} When Officer Saal arrived at the scene, it was dark and he used his flashlight to look under the bridge. Officer Saal testified, "I was approached by several people and they were saying there was a male inside and he was attempting to get out. And that's when I went up to the van and the back door was open and there was somebody there standing, opening the back door * * *. [I] [l]ooked inside and noticed the defendant standing up towards the front of the van, attempting to come to the back to get out." Officer Saal noticed that the man was bleeding from his head and his right ankle, and that he was very unsteady. When the man made it to the back of the van, Officer Saal asked him to sit on the curb so they could talk. The man appeared "pretty well beat up from the accident with his ankle." As the man stepped out of the van, Officer Saal noticed that the man was "unsteady on his feet, pretty wobbly, * * * [and] slow in his actions." Officer Saal further testified that he "could smell alcohol at that time."

{¶11} When Officer Saal asked the man what happened, the man stated that he had hit the bridge. Officer Saal testified, "I then asked him how much he had to drink, he said one beer. I then asked him where he was coming from, [] at that point after I asked him how much he had to drink, he didn't really want to talk to me that much, he didn't say anything." Officer Saal

continued, "[O]nce I asked him how much he had to drink he clammed up, didn't say anything else. * * * [A]nything I asked him was medical[ly] related after that and [I] just told him the squad was on its way to take him to the hospital." When asked if he had the opportunity to look Hess in the eyes, Officer Saal responded, "Yes, I did notice they were red, bloodshot and glassy." Officer Saal further testified that Hess' speech was "extremely slurred," and that "his movements were very slow, an indication of being intoxicated."

{¶12} After Hess was transported to the hospital, Officer Saal read Hess the 2255 form and asked if he would submit to a blood test. When Hess responded in the negative, Officer Saal filled out an affidavit and faxed it to a judge in order to obtain a search warrant to draw Hess' blood. After obtaining the warrant, Officer Saal contacted a lab technician who was able to obtain a blood sample from Hess. Officer Saal observed the blood draw and then transported the sample to the police station where it was stored in a secured refrigerator. The sample was subsequently sent to a toxicology lab in Columbus. While the State attempted to have the results of the blood test introduced at trial, the trial court sustained Hess' objection to the admission of the results on the basis that the State had not properly authenticated the document.

{¶13} On cross-examination, Officer Saal was asked if he had any evidence regarding why the van may have gone left of center and hit the bridge pillars. In response, Officer Saal stated, "The only thing I could say would be his alcohol level, his alcohol involvement is the only thing I can think of." Officer Saal clarified that, because Hess declined to answer any additional questions after indicating that he had consumed a beer, Officer Saal did not ask Hess when he had consumed that beer. Officer Saal also testified on cross-examination that because of the injuries Hess sustained during the accident, he did not ask Hess to perform the walk and turn test, the one foot test, and the horizontal gaze nystagmus test. Due to the extent of Hess'

injuries, he was transported to Wooster Community Hospital, and then to Akron General Hospital, and Officer Saal did not take Hess into custody.

{¶14} On re-direct examination, Officer Saal testified that while the strength of the odor of alcohol can be affected by the point in time at which the alcohol was actually consumed, it can also be affected by the amount of alcohol consumed. Officer Saal further testified that in his experience, drivers are often dishonest about the amount of alcohol they consumed, stating, "Generally when you ask people how much they've had to drink, they will either tell you one or two beers. * * * [I]t's always one or two, nine times out of ten. Unless you get someone who is extremely honest and say[s] I've had ten beers or whatever, but, [] for the most part people always tell you one or two beers."

{¶15} The evidence presented at trial was sufficient to convict Hess of violating R.C. 4511.19(A)(1)(a). As noted above, during a prosecution for violating R.C. 4511.19(A)(1), the State may rely on physiological factors such as the odor of alcohol, glossy or bloodshot eyes, slurred speech, and confused appearance to demonstrate that a defendant's physical and mental ability to drive was impaired. *Peters* at ¶ 5. The testimony at trial demonstrated that when Officer Saal observed Hess on the night of the accident, Hess was "unsteady on his feet" and "slow in his actions." Officer Saal noticed that Hess' speech was "extremely slurred" and that his eyes were "red, bloodshot and glassy." Officer Saal further testified that he could smell alcohol at the time Hess stepped out of the van. Officer Saal indicated that Hess admitted to having a beer, as well as hitting the bridge columns with his vehicle. This evidence, when construed in the light most favorable to the State, was sufficient to demonstrate that Hess was under the influence of alcohol at the time of the accident.

{¶16} The first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT COMMITTED PLAIN ERROR AND VIOLATED DEFENDANT'S RIGHTS UNDER THE 14TH AND 5TH AMENDMENTS TO THE U.S. CONSTITUTION AND UNDER THE CONSTITUTION OF THE STATE OF OHIO BY ALLOWING THE STATE TO PRESENT TESTIMONY REGARDING DEFENDANT'S PRE ARREST, PRE-MIRANDA SILENCE DURING ITS CASE IN CHIEF.

{¶17} In his second assignment of error, Hess argues that the trial court committed plain error by allowing the State to present testimony regarding his unwillingness to discuss the incident at the scene of the accident. This Court disagrees.

{¶18} Hess concedes that the testimony in question was offered without objection, and he is limited to arguing plain error on appeal. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To constitute plain error, the error must be obvious and have a substantial adverse impact on both the integrity of, and the public's confidence in, the judicial proceedings. *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995). A reviewing court must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice. *State v. Bray*, 9th Dist. Lorain No. 03CA008241, 2004-Ohio-1067, ¶12. "Plain error exists only where it is clear that the verdict would have been otherwise but for the error." *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 52, quoting *State v. Long*, 53 Ohio St.2d 91, 97 (1978).

{¶19} As noted above, Officer Saal was asked on direct examination what happened after Hess exited the vehicle and sat down. Officer Saal replied, "I then asked him how much he had to drink, and he said one beer. I then asked him where he was coming from, [] at that point after I asked him how much he had to drink, he didn't really want to talk to me that much, he didn't say anything." When asked to clarify, Officer Saal testified that after he asked Hess how

much he had to drink, Hess declined to answer any other questions. Hess now argues that because he had not received his *Miranda* warnings, Officer Saal should not have been permitted to testify about his unwillingness to answer questions. Hess highlights that the trial court commented on the statement during the pronouncement of judgment, stating, "You told [Officer Saal] you hit the bridge. You were injured; however, you were able to get out of the van without assistance. You were able to respond to questions. Once the officer hit upon the topic of consumption of alcohol you admitted to having consumed alcohol and then you basically quit talking after you said that you consumed a beer." Hess concludes that if it were not for the aforementioned testimony, the trial court would not have found him guilty as evidenced by the fact that the trial court specifically referred to his silence after admitting to drinking a beer. In response, the State contends that when the statements are read in context, it is apparent that the trial court was not using the defendant's silence as substantive evidence of guilt, but instead was disputing Hess's position that all of his physiological symptoms were caused by the accident itself. We find the State's argument persuasive.

{¶20} A review of the trial judge's remarks in context demonstrates that the trial court did not view Hess' pre-*Miranda* silence as substantive evidence of guilt. In a bench trial, the trial judge acts as the trier-of-fact, and a reviewing court should presume that the trial court acted impartially and considered only properly admitted evidence. *Columbus v. Guthmann*, 175 Ohio St. 282 (1963), paragraph three of the syllabus; *see also State v. Post*, 32 Ohio St.3d 380, 384 (1987). Here, the trial judge's comment was made in direct response to Hess's assertion that his disoriented state was a direct result the accident itself. The comment was made as the trial court was in the midst of making a factual finding that despite the injuries Hess suffered during the

accident, he was fully capable to getting out of the van and responding to Officer Saal's questions.

{¶21} Furthermore, given the independent evidence presented by the State that demonstrated Hess was under the influence, we cannot say that the admission of the improper testimony resulted in a manifest miscarriage of justice. Even if Officer Saal had not testified that Hess admitted to drinking alcohol and then refused to answer any other questions, the court still would have considered Officer Saal's testimony that he smelled alcohol at the time Hess exited the vehicle. Additionally, Officer Saal observed that Hess' eyes were red, bloodshot, and glassy, and that Hess was unsteady on his feet and moving very slowly. Officer Saal also testified that Hess admitted to hitting the bridge columns, and that Hess' speech was "extremely slurred." All of these factors were relevant in determining whether Hess' ability to drive was impaired. *Peters* at ¶ 5. Thus, in light of the remaining evidence which indicated that Hess was under the influence of alcohol at the time of the accident, we cannot conclude that the verdict would have been otherwise but for the alleged error.

{¶22} The second assignment of error is overruled.

III.

{¶23} Hess' assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶24} I concur in the majority's judgment. The issue raised by Mr. Hess is whether there was sufficient evidence to establish beyond a reasonable doubt that he was driving under the influence of alcohol. This Court often refers to *State v. Zentner*, 9th Dist. Wayne No. 02CA0040, 2003-Ohio-2352, ¶ 19, in which this Court stated that, in an OVI prosecution, "the state does not have to prove actual impaired driving; rather, it need only show an impaired driving ability." This statement, when considered outside of the context of that case, may appear somewhat confusing. However, *Zentner* merely clarified that, in considering whether the

evidence is sufficient to establish that a person was "driving under the influence," actual observation of impaired or erratic driving is not necessary for proving this element. *See id*. Instead, the "under the influence" element is proven through presenting evidence, whether direct or circumstantial, of impaired driving ability due to the consumption of alcohol (or a drug of abuse or a combination of them). *See id.* Notably, our sister courts have described "under the influence" as "the condition in which a person finds himself after having consumed some intoxicating beverage in such quantity that its effect on him adversely affects his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle." (Internal quotations and citations omitted.) *See, e.g., State v. Rolf,* 5th Dist. Licking No. 02-CA-00116, 2003-Ohio-2513, ¶ 12.

{¶25} Often in OVI prosecutions under R.C. 4511.19(A), the state relies on circumstantial evidence to prove the "under the influence" element. In such cases, we have stated that physiological factors are permissible forms of circumstantial evidence to establish that a person was driving under the influence. *See State v. Standen,* 9th Dist. Lorain No. 05CA008813, 2006-Ohio-3344, ¶ 18. In addition, we have applied Ohio Supreme Court precedent holding that lay person opinion testimony as to intoxication is permissible. *See Zentner* at ¶ 19, quoting *State v. DeLong,* 5th Dist. Fairfield No. 02 CA 35, 2002-Ohio-5289, ¶ 60, citing *Columbus v. Mullins*, 162 Ohio St. 419, 421 (1954).

{¶26} In this case, Mr. Hess essentially challenges the sufficiency of the circumstantial evidence given the absence of the blood alcohol test results at trial. Although he suggests that there may be other reasons for his red, bloodshot eyes and his unsteady movement, he is in essence arguing that there could be a theory of innocence consistent with the circumstantial

evidence. However, the Ohio Supreme Court in *State v. Jenks*, 61 Ohio St.3d 259 (1991), syllabus, concluded that "[c]ircumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof."

{¶27} The circumstantial evidence that Mr. Hess was driving under the influence of alcohol included that he drove his vehicle off of the road, that the officer smelled an odor of alcohol when Mr. Hess exited the vehicle, that Mr. Hess admitted he had consumed alcohol, and that Mr. Hess had bloodshot eyes and an unsteady gait. Thus, when viewing all of the circumstantial evidence in the light most favorable to the State, the trial court, as the trier of fact, could have reasonably concluded beyond a reasonable doubt that Mr. Hess was driving under the influence of alcohol.

APPEARANCES:

DOUGLAS C. BOND, Attorney at Law, for Appellant.

DEAN L. GRASE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.