[Cite as *Wilson*, 2014-Ohio-3182.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF LORAIN | )ss:<br>) | NINTH JUDICIAL DISTRICT |

| STATE OF OHIO | C.A. No.    12CA010263 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| CHARLOTTE A. WILSON | COURT OF COMMON PLEAS<br>COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    11CR082625 |

DECISION AND JOURNAL ENTRY

Dated: July 21, 2014

---

CARR, Judge.

{¶1} Defendant-Appellant, Charlotte Wilson, appeals from her convictions in the Lorain County Court of Common Pleas. This Court affirms in part, reverses in part, and remands.

I.

{¶2} Shortly after 8:00 p.m. on March 26, 2011, Officer Wayne Ramsey stopped Wilson's car because he ran her license plate number and discovered that she had a suspended driver's license. Wilson, who was driving her car at the time, opened her driver's door as Officer Ramsey approached. Officer Ramsey noticed a strong smell of alcohol as he spoke with Wilson. He also observed that Wilson had bloodshot eyes. After Officer Ramsey conducted several field sobriety tests on Wilson, he arrested her. He then inventoried her car and found an open beer container in a bag on the front passenger's seat. Although Officer Ramsey asked Wilson to submit to a chemical test, Wilson never did so.

**{¶3}** A grand jury indicted Wilson on each of the following counts: (1) operating a vehicle while under the influence of alcohol or drugs ("OVI"), in violation of R.C. 4511.19(A)(1)(a); (2) OVI, in violation of R.C. 4511.19(A)(2); and (3) driving under suspension, in violation of R.C. 4510.11(A). Both OVI offenses were charged as fourth-degree felonies, as Wilson's indictment indicated that she had received three prior OVI convictions within the last twenty years. *See* R.C. 4511.19(G)(1)(d). Following a jury trial, the jury found Wilson guilty on all counts. The court sentenced Wilson to a total of 60 days in jail, five years of community control, and numerous other sanctions.

**{¶4}** Wilson now appeals and raises three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE GUILTY VERDICTS ARE AGAINST THE SUFFICIENCY OF THE EVIDENCE IN VIOLATION OF MS. WILSON'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION.

**{¶5}** In her first assignment of error, Wilson argues that her OVI convictions are based on insufficient evidence. We disagree.

**{¶6}** "Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 113, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The test for sufficiency requires a determination of whether the State has met its burden of production at trial." *State v. Edwards*, 9th Dist. Summit No. 25679, 2012-Ohio-901, ¶ 7.

{¶7} Initially, we note that Wilson has not challenged the sufficiency of her conviction for driving under suspension. Because Wilson has only presented this Court with an argument that her OVI convictions are based on insufficient evidence, we limit our review accordingly.

{¶8} R.C. 4511.19(A)(1)(a) provides that "[n]o person shall operate any vehicle, * * * if, at the time of the operation, * * * [t]he person is under the influence of alcohol." R.C. 4511.19(A)(2) provides that

> no person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:
>
> (a) Operate any vehicle * * * within this state while under the influence of alcohol * * *;
>
> (b) Subsequent to being arrested for operating the vehicle, * * * as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

A person who commits either offense is guilty of OVI. R.C. 4511.19(G)(1).

{¶9} Officer Wayne Ramsey testified that he was stationed near an intersection in LaGrange when he observed a car pull up to a stop sign. When the car turned the corner, Officer Ramsey saw its license plate number and ran the number through his mobile data terminal. The information returned on the car indicated that its owner had a suspended driver's license. Officer Ramsey remained stationed, however, as he observed the car pull into a gas station approximately 40 to 50 yards away. He watched as the driver put gas in the car, entered the

station, and finally returned to the car. When the car pulled back out onto the road, Officer Ramsey initiated a stop.

{¶10} Officer Ramsey testified that the driver of the car, who he later identified as Wilson, opened the driver's door as he approached. Officer Ramsey noted a strong odor of alcohol at that point and asked Wilson for her license and proof of insurance. Wilson did not have either one, but gave Officer Ramsey several court papers, which she claimed gave her driving privileges. Officer Ramsey returned to his cruiser and investigated the matter. After he discovered that Wilson had several open license suspensions, he walked back to her car and asked her whether she had been drinking. Wilson denied that she had consumed any alcohol. Officer Ramsey then asked her to exit the car so that he could perform field sobriety testing.

{¶11} Officer Ramsey testified that he continued to smell alcohol after Wilson exited the car, meaning that the smell was coming from her and not from her car. He further testified that Wilson had bloodshot eyes, that she failed to adhere to the instructions he gave her when performing the field sobriety tests, and that he observed "some swaying" when Wilson tried to perform the tests. Officer Ramsey testified that he had conducted hundreds of OVI stops during his eight years with the police department. He opined that, given all of his observations on the night in question, he believed Wilson was under the influence of alcohol.

{¶12} Officer Ramsey testified that he arrested Wilson after he completed field sobriety testing and placed her in his cruiser. He then made a call to secure a tow of her car and quickly inventoried the car before the tow truck arrived. Officer Ramsey testified that he found an open beer container inside a bag on the front passenger's seat of the car when he inventoried it. He further testified that the beer was cold to the touch.

**{¶13}** When Officer Ramsey returned to his cruiser, he asked Wilson to submit to a chemical test to determine her blood alcohol. He testified that he read Wilson the BMV 2255 form, which advises an arrestee of the consequences for refusing to submit to a chemical test. Officer Ramsey testified that Wilson refused to take the test, so he never administered it.

**{¶14}** With regard to Wilson's OVI charge under R.C. 4511.19(A)(1)(a), the trial court instructed the jury that

> "[u]nder the influence of alcohol" means that the defendant consumed some alcohol, whether mild or potent, in such a quantity, whether great or small, that it adversely affected and noticeably impaired defendant's actions, reaction or mental processes under the circumstances then existing, and deprived the defendant of that clearness of intellect and control of herself which * * * she would otherwise have possessed.

Wilson argues that her conviction under R.C. 4511.19(A)(1)(a) is based on insufficient evidence because there was no evidence that her "*actual* driving was impaired in any way." (Emphasis sic.) She notes that Officer Ramsey initiated a traffic stop strictly because of her suspended driver's license, not because he ever saw her commit any traffic violations or drive erratically. Further, she argues that the results of the field sobriety tests Officer Ramsey performed are not indicative of her impaired driving ability because (1) he admitted that he did not strictly comply with the NHTSA manual when performing the tests, and (2) a person's actual driving is a better indicator of their ability to drive.

**{¶15}** "[I]n drunk driving prosecution, the state does not have to prove actual impaired driving; rather, it need only show an impaired driving ability." *State v. Zentner*, 9th Dist. Wayne No. 02CA0040, 2003-Ohio-2352, ¶ 19. "To prove impaired driving ability, the state can rely on physiological factors (e.g., odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired." *State v. Peters*, 9th Dist. Wayne No. 08CA0009, 2008-Ohio-6940, ¶ 5, quoting *State v. Holland*,

11th Dist. Portage No. 98-0066, 1999 WL 1313665, *5 (Dec. 17, 1999). *Accord State v. Kurjian*, 9th Dist. Medina No. 06CA0010-M, 2006-Ohio-6669, ¶ 17 ("[T]here is no prerequisite that an officer observe erratic driving in order to effectuate an arrest for driving under the influence.").

**{¶16}** Although Officer Ramsey did not witness Wilson commit any traffic violations or drive erratically, he testified that she smelled strongly of alcohol, had bloodshot eyes, failed to adhere to the instructions he gave her, and swayed to some degree. He also testified that Wilson had an open container on the front passenger's seat of her car and that she refused to submit to chemical testing. The State could rely on all of the foregoing to prove Wilson's OVI offense, apart from any erratic driving. *See Zentner* at ¶ 19; *Peters* at ¶ 5. Moreover, it could do so apart from the results of any of the field sobriety tests that Officer Ramsey performed. *See State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 12-15; *State v. Gordon*, 9th Dist. Summit No. 25531, 2011-Ohio-3938, ¶ 18-20. Viewing all of the evidence in a light most favorable to the State, a rational trier of fact could have found that the State proved that Wilson was under the influence of alcohol when she operated her car. *See State v. Hess*, 9th Dist. Wayne No. 12CA0064, 2013-Ohio-4268, ¶ 15; *State v. Crutchfield*, 9th Dist. Lorain Nos. 10CA009931, 10CA009932 & 10CA009933, 2011-Ohio-6681, ¶ 10-12. We reject Wilson's argument that her conviction under R.C. 4511.19(A)(1)(a) is based on insufficient evidence.

**{¶17}** Wilson also argues that her conviction under R.C. 4511.19(A)(2) is based on insufficient evidence because there was no evidence that she actually refused to submit to a chemical test. She argues that she told Officer Ramsey she would like to consult with an attorney before she decided to submit to a test, so she never refused outright to submit to the test.

{¶18}   The quality of the audio on the recording of the stop Officer Ramsey conducted is poor, but one can discern from listening to the recording that Wilson said something about an attorney to Officer Ramsey after he asked her to submit to a chemical test.  Officer Ramsey then told Wilson that she had no right to consult with an attorney before she took the test and that he needed an answer as to whether or not she would take the test.  Officer Ramsey specifically testified that Wilson refused to take the test.

{¶19}   The Ohio Supreme Court has recognized that "the right to counsel associated with the protection against self-incrimination contained in the Fifth Amendment to the United States Constitution, or as guaranteed by the Sixth Amendment, does not apply to the stage at which [an] officer request[s] the chemical test for alcohol content."  *Dobbins v. Ohio Bur. of Motor Vehicles*, 75 Ohio St.3d 533, 537 (1996).  As such, when an arrestee "refus[es] to submit to the test contingent on receiving the advice of counsel, the arrestee has, for the purposes of the implied consent statute, R.C. 4511.191, 'refused' to take the chemical alcohol test."  *Id.* at 540.  *See also* R.C. 4511.19(A)(2)(b) (prohibiting qualifying OVI arrestees from refusing to submit to chemical tests under R.C. 4511.191).  Officer Ramsey specifically testified that Wilson refused to take a chemical test.  Additionally, even if Wilson conditioned her submitting to the test upon her first consulting with an attorney, Wilson's response still would have constituted a refusal to take the test as a matter of law.  *Dobbins* at 540.  Wilson's argument that her conviction under R.C. 4511.19(A)(2) is based on insufficient evidence lacks merit.  Her first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE VERDICTS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF MS. WILSONS'S (sic) RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED

STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION.

**{¶20}** In her second assignment of error, Wilson argues that her OVI convictions are against the manifest weight of the evidence. We disagree.

**{¶21}** A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence. *Thompkins*, 78 Ohio St.3d at 387.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. *Thompkins*, 78 Ohio St.3d at 387. *Accord Otten* at 340.

**{¶22}** As we did in Wilson's first assignment of error, we initially pause to note that Wilson has only challenged her OVI convictions in this assignment of error. Consequently, in analyzing whether her convictions are against the manifest weight of the evidence, we do not discuss her conviction for driving under suspension. We limit our review to her OVI convictions.

**{¶23}** In arguing that her OVI convictions are against the manifest weight of the evidence, Wilson does not challenge the credibility of any particular witness. She merely argues

that the jury lost its way in convicting her because "[f]or the jury to find her guilty, it must have mistakenly believed that her performance on the field sobriety tests was more probative of her ability to operate her car than her actual driving." Wilson once again argues that, for purposes of concluding whether or not she was impaired, the evidence of her actual driving was more reliable than the evidence the State offered.

{¶24} As noted above, Officer Ramsey testified that he believed Wilson was under the influence of alcohol when he stopped her. He noted that she smelled strongly of alcohol, had bloodshot eyes, and failed to follow his instructions. There also was evidence that Wilson had an open container in her car and refused to submit to chemical testing. Wilson has not shown that the jury lost its way by believing Officer Ramsey's testimony and by concluding that she operated her car while under the influence of alcohol. *See State v. Martinez*, 9th Dist. Wayne No. 12CA0054, 2013-Ohio-3189, ¶ 16 ("A verdict is not against the manifest weight of the evidence because the finder of fact chose to believe the State's witnesses rather than the defendant's version of the events."). Having reviewed the record, we cannot say that this is the exceptional case where the jury clearly lost its way. *See Thompkins* at 387; *Otten* at 340. Wilson's argument that her OVI convictions are against the manifest weight of the evidence lacks merit. Her second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

> MS. WILSON'S CONVICTIONS FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL, BOTH FELONIES OF THE FOURTH DEGREE, VIOLATED R.C. 2945.75(A)(2) BECAUSE THE JURY VERDICTS DID NOT INCLUDE THE DEGREE OF THE OFFENSE, NOR ANY AGGRAVATING ELEMENTS.

{¶25} In her third assignment of error, Wilson argues that the offense level of her OVI convictions must be reduced due to an error with the verdict forms. The State concedes the error

and concludes that Wilson's OVI convictions must be reduced to first-degree misdemeanors. We agree.

**{¶26}** R.C. 2945.75 provides, in relevant part, that

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

* * *

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

"[I]n cases involving offenses for which the addition of an element or elements can elevate the offense to a more serious degree, the verdict form itself is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed." *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, ¶ 17. *But see State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224.

> "The express requirement of the statute cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form."

*McDonald* at ¶ 17, quoting *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, ¶ 14. The signed verdict form "must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *McDonald* at ¶ 17, quoting *Pelfrey* at ¶ 14.

**{¶27}** An offender who violates either R.C. 4511.19(A)(1)(a) or (A)(2) is guilty of OVI. R.C. 4511.19(G)(1). Generally, a violation of either of the foregoing OVI subsections is a first-degree misdemeanor. R.C. 4511.19(G)(1)(a). Prior OVI convictions, however, can elevate the

degree of one's current OVI offense(s). Relevant to this appeal, the OVI statute provides that "an offender who, within six years of the offense, previously has been convicted of * * * three or four violations of division (A) or (B) of this section or other equivalent offenses * * * is guilty of a felony of the fourth degree." R.C. 4511.19(G)(1)(d).

{¶28} With regard to her charge under R.C. 4511.19(A)(1)(a), Wilson's verdict form reads as follows:

> We, the Jury, being duly impaneled and sworn or affirmed, find the defendant, Charlotte A. Wilson, is guilty of Driving While Under the Influence, as charged in Count One.

Likewise, Wilson's second verdict form, pertaining to her charge under R.C. 4511.19(A)(2), reads:

> We, the Jury, being duly impaneled and sworn or affirmed, find the defendant, Charlotte A. Wilson, is guilty of Driving While Under the Influence, as charged in Count Two.

Neither verdict form includes a finding that Wilson had three prior OVI convictions within six years of her current offenses. *See* R.C. 4511.19(G)(1)(d). Further, neither verdict form includes the degree of Wilson's offenses.

{¶29} Because Wilson's OVI verdict forms do not include either the degree of her OVI offenses or the additional element that she had received three prior OVI convictions within the last six years, Wilson only should have been convicted of two first-degree misdemeanors with regard to her OVI offenses. *See McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, at ¶ 17. Wilson's fourth-degree felony OVI convictions must be vacated. *See, e.g., State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536, ¶ 66. Upon remand, Wilson only may be convicted of two first-degree misdemeanors with regard to her two OVI offenses. Wilson's third assignment of error is sustained.

## III.

{¶30} Wilson's first and second assignments of error are overruled. Her third assignment of error is sustained, and her fourth-degree felony OVI convictions are vacated pursuant to that determination. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS

BELFANCE, P.J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶31} I concur in the judgment. Officer Ramsey testified that Ms. Wilson refused to submit to the chemical test. When viewed in the light most favorable to the State, that testimony is sufficient to establish the refusal element of R.C. 4511.19(A)(2). Thus, Ms. Wilson's arguments that she did not refuse to take the test but, instead, conditioned taking the test on speaking to an attorney are not relevant to her stated assignment of error. *See State ex rel. Louthan v. Akron*, 9th Dist. Summit No. 23351, 2007-Ohio-241, ¶ 8 ("This court is loath to issue advisory opinions which do not serve to materially advance correct disposition of the matter on appeal. We will not issue a decision which does not affect the case before us.") (Internal quotations and citations omitted.). Accordingly, I concur in the judgment.

APPEARANCES:

PAUL A. GRIFFIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.