[Cite as *State v. Barnette*, 2014-Ohio-5405.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    13 MA 183 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| DON BARNETTE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 13CR164.

JUDGMENT:                        Conviction of First Degree Felony
                                 Vacated; Remanded for Resentencing
                                 for Conviction of Second Degree Felony.

APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503

For Defendant-Appellant:         Attorney Timothy Young
                                 Ohio Public Defender
                                 Attorney Peter Galyardt
                                 Assistant State Public Defender
                                 250 East Broad Street, Suite 1400
                                 Columbus, Ohio  43215

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  December 5, 2014

VUKOVICH, J.

{¶1} Defendant-appellant Don Barnette appeals from the decision of the Mahoning County Common Pleas Court entering a conviction against him for felonious assault, a violation of R.C. 2903.11(A)(2)(D), a first-degree felony. The state and Barnette agree that the jury verdict form did not comply with R.C. 2945.75 because neither the degree of the offense or the aggravating element that the victim was a peace officer was identified on the verdict form. The issue in this case is whether a plain error analysis applies to that error or must there be strict compliance with the statutory mandates in R.C. 2945.75(A)(2).

{¶2} After reviewing the facts of this case, the relevant case law, and the language of R.C. 2945.75, we hold that there must be strict compliance with R.C. 2945.75. In reaching this conclusion, we acknowledge that the three leading Ohio Supreme Court cases – *Pelfrey*, *Eafford*, and *McDonald* – offer somewhat conflicting guidance on whether a plain error analysis can apply or if there must be strict compliance with the statutory mandates; the *Pelfrey* and *McDonald* Courts required strict compliance with R.C. 2945.75, while the *Eafford* Court applied a plain error analysis. Considering that *McDonald* is the Ohio Supreme Court's latest ruling on R.C. 2945.75 and that the facts of this case are akin to the facts in *Pelfrey* and *McDonald,* and distinguishable from *Eafford*, we will follow the mandates of *Pelfrey* and *McDonald.* Thus, the judgment of the trial court regarding Barnette's conviction for first-degree felony felonious assault is vacated and the matter is remanded to the trial court with instructions for it to enter a judgment convicting Barnette of felonious assault as a second degree felony and to sentence him accordingly.

<u>Statement of the Facts and Case</u>

{¶3} On February 28, 2013, Barnette was indicted for one count of felonious assault in violation of R.C. 2903.11(A)(2)(D). This offense was elevated from a second-degree felony to a first-degree felony because the victim was a peace officer. R.C. 2903.11(D). He was also indicted for one count of receiving stolen property in violation of R.C. 2913.51(A)(C), a fourth-degree felony. However, that charge was later dismissed. 11/20/13 Dismissal.

**{¶4}** The basis for the first-degree felony felonious assault charge is that Barnette drove a green 2001 Ford Expedition into Officer Dorothy Johnson's cruiser on February 1, 2013. On that day, Detective Sergeant Vitullo and Officer Ward were patrolling the Youngstown Metropolitan Housing Authority within the city of Youngstown, Mahoning County, Ohio. Tr. 222. The officers saw the green 2001 Ford Expedition in the area of Victor and Atkinson Avenues and ran the license plate, which indicated that the vehicle was stolen. Tr. 223. Thus, the officers activated the overhead lights and sirens and attempted to initiate a stop. Tr. 224. However, instead of stopping the vehicle, Barnette accelerated and an active pursuit ensued. Tr. 225. Barnette accelerated to almost 70 miles per hour and passed other vehicles in a residential area. Tr. 225. After 30 seconds, Detective Sergeant Vitullo determined that the pursuit was too dangerous and disengaged. Tr. 226.

**{¶5}** Officer Dorothy Johnson, of the Youngstown Police Department patrol division, was patrolling that day on the east side of Youngstown and heard of the pursuit on her police radio. Tr. 237. Thus, she began heading in the direction of their location to offer assistance. Tr. 239. While traveling northbound on Landsdowne Avenue she then heard that the officers had terminated the pursuit. Tr. 240-241. Within a few minutes she observed Barnette traveling southbound in the northbound lane, coming in her direction. Tr. 240-241. Barnette saw her patrol car and turned left onto Nair Avenue; Officer Johnson activated her lights and sirens. Tr. 242. Barnette then drove into a parking lot at the intersection of McGuffey and Jacobs Roads and stopped. Tr. 242-243. Officer Johnson entered that lot, stopped her vehicle, and attempted to open her door so that she could get out of the car and approach Barnette's vehicle. Tr. 243. Barnette accelerated his vehicle and hit Officer Johnson's cruiser. Tr. 243. Barnette then maneuvered his vehicle around her cruiser and fled via Jacobs Road. Tr. 243. Officer Johnson continued to pursue Barnette. Tr. 244. After crossing McKelvey Lake, Barnette lost control of his vehicle and crashed into a pole. Tr. 244. His vehicle bounced back into the road and struck Officer Johnson's cruiser on the passenger side. Tr. 245. This was in the area of Beachwood Estates in Mahoning County, Ohio; Barnette's vehicle was still operable

and he drove into Beachwood Estates. Tr. 246. Officer Johnson used her cruiser to block him in a cul-de-sac. Tr. 246. In attempting to exit the blocked cul-de-sac, Barnette once again hit Officer Johnson's cruiser. Tr. 246-247. After that crash, he attempted to flee on foot. Tr. 247-248.

{¶6} Two officers witnessed Barnette purposely drive his vehicle into Officer Johnson's cruiser in Beachwood Estates. Officer Martini heard on the radio that Officer Johnson was following Barnette's vehicle and responded to the area of Beachwood Estates. Tr. 293-295. He witnessed Barnette strike Johnson's cruiser in Beachwood Estates. Tr. 295. Likewise, Officer Rutland also responded to the Beachwood Estates area and witnessed Barnette's vehicle strike Officer Johnson's cruiser in the cul-de-sac. Tr. 335. Officer Rutland apprehended Barnette while he was fleeing on foot. Tr. 296, 336.

{¶7} Officer Johnson sustained injuries from the above incidents. Tr. 251. She had a concussion, a back injury, a neck injury and some nerve damage to her hip. Tr. 251.

{¶8} Following discovery the case proceeded to trial before a jury on the sole charge of felonious assault, a first-degree felony. Following deliberations, the jury found him guilty. The verdict form presented to the jury stated:

> We, the jury, in the aforementioned case, duly paneled and sworn, find the Defendant DON BARNETTE * _____, of the crime of FELONIOUS ASSAULT, a violation of ORC §2903.11(A)(2)(D).

{¶9} "Guilty" was written onto the blank line and all twelve jurors signed the verdict form. 11/20/13 Verdict Form. Barnette did not object to the wording of the verdict form.

{¶10} Sentencing occurred on November 21, 2013. The trial court imposed an eight year sentence. 11/22/13 J.E. Barnette timely appeals from the conviction and sentence.

## Assignment of Error

**{¶11}** "The trial court violated Don Barnette's constitutional rights and committed plain error when it entered a conviction against him for first-degree felony felonious assault after it failed to provide the jury with a verdict form that identified the degree of the offense or the aggravating element that the victim was a peace officer."

**{¶12}** R.C. 2945.75 states:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

R.C. 2945.75(A).

**{¶13}** Here, Barnette was charged with felonious assault in violation of R.C. 2903.11(A)(2)(D). These provisions provide:

(A) No person shall knowingly do either of the following:

* * *

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

* * *

(D)(1)(a) Whoever violates this section is guilty of felonious assault. Except as otherwise provided in this division or division (D)(1)(b) of this section, felonious assault is a felony of the second degree. If the victim of a violation of division (A) of this section is a

peace officer or an investigator of the bureau of criminal identification and investigation, felonious assault is a felony of the first degree.

(b) Regardless of whether the felonious assault is a felony of the first or second degree under division (D)(1)(a) of this section, if the offender also is convicted of or pleads guilty to a specification as described in section 2941.1423 of the Revised Code that was included in the indictment, count in the indictment, or information charging the offense, except as otherwise provided in this division or unless a longer prison term is required under any other provision of law, the court shall sentence the offender to a mandatory prison term as provided in division (B)(8) of section 2929.14 of the Revised Code. If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, and if the victim suffered serious physical harm as a result of the commission of the offense, felonious assault is a felony of the first degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

R.C. 2903.11(A)(2)(D).

**{¶14}** The indictment specifically indicated that the felonious assault charge was a first-degree felony and that the victim was Peace Officer Dorothy Johnson.

**{¶15}** Barnette contends that the jury verdict form did not comply with R.C. 2945.75 because the form does not state the degree of the offense nor does it state the additional element that is necessary to elevate the degree of the offense. Barnette acknowledges that he did not object to the language of the form, but contends that under the analysis used in the Ohio Supreme Court's decisions in *Pelfrey* and *McDonald* the failure to strictly comply with R.C. 2945.75(A)(2) means his conviction for the first-degree felony cannot stand and that the most he could be convicted of is a second-degree felony.

{¶16} The state responds by focusing on the fact that Barnette did not object to the jury verdict forms; it implicitly concedes that the form does not comply with R.C. 2945.75(A)(2). Accordingly, it contends that Barnette can only raise plain error. Under a plain error analysis, the state asserts that the failure to comply with R.C. 2945.75 does not rise to the level of plain error based on the Ohio Supreme Court's decision in *Eafford*. It asserts that *Eafford* is controlling, not *Pelfrey* and *McDonald*.

{¶17} Barnette filed a reply brief to address the state's argument that *Eafford* controls. In that brief, he contends that *Eafford* is distinguishable and is only applicable in drug cases. He maintains that *Pelfrey* and *McDonald* are controlling.

{¶18} As can be seen, the parties' arguments involve the application of three different Ohio Supreme Court cases. Thus, the analysis proceeds with a discussion of those three cases.

{¶19} *Pelfrey* was certified to the Ohio Supreme Court and the issue presented to it was: "Whether the trial court is required as a matter of law to include in the jury verdict form either the degree of the offense of which the defendant is convicted or to state that the aggravating element has been found by the jury when the verdict incorporates the language of the indictment, the evidence overwhelmingly shows the presence of the aggravating element, the jury verdict form incorporates the indictment and the defendant never raised the inadequacy of the jury verdict form at trial." *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶ 1. The Court answered this question in the affirmative. *Id*.

{¶20} In *Pelfrey*, Pelfrey was charged with tampering with records and the degree of the offense was elevated to a third-degree felony because the records were government records. *Id*. at ¶ 3. The jury verdict form did not mention the degree of Pelfrey's offense or that the records involved were government records. *Id*. at ¶ 13. Despite the fact that Pelfrey did not object to the verdict form, the Ohio Supreme Court found that based on the language in R.C. 2945.75(A)(2) Pelfrey could only be convicted of a misdemeanor offense, which was the least degree under R.C. 2913.42(B) of the offense of tampering with records. *Id*. at ¶ 13, 17 (paragraph

17 is from the dissent and indicates that Pelfrey did not object to the form). The Court explained:

> Because the language of R.C. 2945.75(A)(2) is clear, this court will not excuse the failure to comply with the statute or uphold Pelfrey's conviction based on additional circumstances such as those present in this case. The express requirement of the statute cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form. We hold that pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.

*Id.* at ¶ 14.

{¶21} The *Pelfrey* majority does not indicate that it is applying a plain error analysis; there is no discussion of plain error in the opinion. However, the dissent does discuss plain error and concludes that but for the trial court's failure to comply with R.C. 2945.75(A)(2), the outcome of Pelfrey's trial would not have been different; "the jury found him guilty of tampering with records, and no question exists that the records involved belonged to a local, state, or federal governmental entity." *Id.* at ¶ 31-33 (O'Donnell, J., dissenting). Thus, the dissent would have found that the error did not rise to the level of plain error and would have affirmed the conviction for the greater offense.

{¶22} In 2011, the Eighth Appellate District strictly applied the *Pelfrey* holding in a possession of cocaine case. *State v. Eafford*, 8th Dist. No. 94718, 2011-Ohio-927. In that case, Eafford was charged with possession of cocaine in the amount less than 5 grams a violation of R.C. 2925.11(A), a fifth-degree felony. The jury verdict

form, as to this charge, stated that Eafford was "guilty of Possession of Drugs in violation of § 2925.11(A) of the Ohio Revised Code, as charged in Count Two of the indictment." The Eighth Appellate District found that that language did not comply with R.C. 2945.75(A)(2). It further stated that the "as charged in the indictment" language in the verdict form did not cure the defect, even though the degree of the offense was included in the indictment. *Id.* at ¶ 41. Therefore, it concluded that Eafford was improperly sentenced. *Id.* The appellate court modified his conviction on the possession of drugs charge from a third-degree felony to a third-degree misdemeanor and remanded the matter to the trial court for resentencing. *Id.* at ¶ 2, 45, 47.

{¶23} The state appealed that decision to the Ohio Supreme Court, which reversed the appellate court's decision and reinstated the original sentence. *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891. In reaching this conclusion, the Court engaged in a plain error analysis since Eafford did not object to the jury verdict forms. *Id.* at ¶ 11. The Court set forth the statute on possession of controlled substances, R.C. 2925.11 and quoted R.C. 2945.75. *Id.* at ¶ 13-15, 16. Considering those statutes and applying a plain error analysis, the Court concluded that the jury verdict form did not affect the outcome of the trial:

> Count Two of the indictment alleged that Eafford possessed *cocaine,* expert testimony confirmed that the substance at issue tested positive for *cocaine,* and throughout the trial the parties and the court treated the phrase "possession of drugs" as synonymous with possession of cocaine. Further, in its jury instructions—a copy of which the court submitted to jurors who had it in the deliberating room during deliberations—the trial court explained to the jury that it could not find Eafford guilty of possession of drugs as charged in Count Two *unless it found the drug involved to be cocaine* or a compound, mixture, preparation, or substance *containing cocaine*. And, as we observed in *State v. Johnson,* 71 Ohio St.3d 332, 340, 643 N.E.2d 1098 (1994), "[j]uries are presumed to follow the court's instructions." Thus, when

the jury found Eafford guilty *as charged in Count Two of the indictment,* its finding necessarily related to possession of cocaine.

Eafford therefore failed to demonstrate that the trial court committed plain error in these circumstances. The verdict form used the phrase "possession of drugs" but did not ask jurors to specify whether the drug involved in this case was or was not cocaine. The jurors found Eafford "guilty of Possession of Drugs in violation of § 2925.11(A) of the Ohio Revised Code, as charged in Count Two of the indictment." The finding in the verdict cannot be described as error, let alone an obvious defect in the trial proceedings, and it did not affect Eafford's substantial rights. He knew from the outset that the state intended to prove his guilt of possession of cocaine. And it did. The form of the jury verdict did not affect the outcome of the trial. The state intended to prove the accused guilty of possession of cocaine, it did so, and the jury in accordance with its findings rendered a verdict in conformity with the evidence presented by the state that Eafford possessed cocaine.

(Emphasis in Original). *Id.* at ¶ 17-18.

**{¶24}** Following that decision, appellate courts have tried to reconcile the *Eafford* decision with the *Pelfrey* decision. *State v. Perry*, 11th Dist. No. 2011-L-125, 2013-Ohio-5803, ¶ 8 (*Eafford* limited certain provisions of *Pelfrey*); *State v. Randles*, 9th Dist. No. 26629, 2013-Ohio-4681, ¶ 6 (reconciling *Pelfrey* and *Eafford* by stating that *Pelfrey* only "applies when 'the presence of one or more additional elements makes an offense one of more serious degree.'"); *State v. Sowards*, 4th Dist. No. 06CA13, 2013-Ohio-3265, ¶ 6 (*Eafford* appears to make an exception to *Pelfrey* under certain circumstances); *State v. Klein*, 3d Dist. No. 14-12-09, 2013-Ohio-2387, 94 (stating that *Eafford* and *Pelfrey* contradict each other).

**{¶25}** Then in 2013, the Ohio Supreme Court released its decision in *McDonald*. *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, 1 N.E.3d 374.

*McDonald*, like *Pelfrey*, was a certified conflict case. The issue presented to the Court stated:

> Is the inclusion of the "substantial risk of serious physical harm to persons or property" language from R.C. 2921.331(C)(5)(a)(ii) sufficient to sustain a third-degree-felony conviction for a violation of R.C. 2921.331(B) when the verdict fails to set forth the degree of the offense and also fails to reference or include language from R.C. 2921.331(B)?

*Id.* at ¶ 12.

**{¶26}** In analyzing this question, the Court did not discuss plain error or the *Eafford* decision. Rather, it focused on *Pelfrey* and specifically quoted paragraph 14 of the *Pelfrey* decision, which included language that the Court would not excuse the failure to comply with R.C. 2945.75 merely because a defendant failed to object to the adequacy of the verdict form. *Id.* at ¶ 17, quoting *Pelfrey*, 2007-Ohio-256, ¶ 14.

**{¶27}** The Court then went on to explain that the jury verdict form at issue in *McDonald* was deficient because it failed to set forth the degree of the offense and failed to "sufficiently set forth the elements that led to a felony conviction." *Id.* at ¶ 19. The jury verdict form found McDonald guilty of failing to comply with an order or signal of a police officer and causing a substantial risk of serious physical harm to persons or property. The language as to causing a substantial risk of serious physical harm to persons or property is part of the enhancing element that raises the offense from a misdemeanor to a third degree felony. The problem with the jury verdict form in this instance was that the statement that the language "Failure to Comply with Order or Signal of Police Officer" that was used in the form could apply to R.C. 2922.331(A), a general failure to comply with the order of a police officer or R.C. 2921.331(B), the willful flight in a motor vehicle from a police officer. The Court indicated that only section (B) could be the basis of an enhancement for creating a substantial risk of injury or damage to property. *Id.* at ¶ 20.

> The only path to a felony conviction for failure to comply with the order or signal of a police officer is through R.C. 2921.331(B). If only one type of failure to comply can lead to a felony, the particular

elements of that type of failure to comply constitute one part of R.C. 2945.75's "one or more additional elements [that] make[ ] an offense one of more serious degree." The first element of a felony charge under R.C. 2921.331 is that the failure to comply involved willful elusion or flight from a police officer. Without that element, there can be no felony.

*Id.* at ¶ 22.

**{¶28}** Since the jury verdict form did not indicate that the elements of section (B) were implicated the Court concluded that the form did not set forth the additional elements that enhance the crime of failure to comply from a misdemeanor to a felony. *Id.* at ¶ 23. The Court indicated that the verdict form for the misdemeanor offense and the verdict form for the felony "cannot be identical;" the "felony verdict form—if it does not state the degree of the offense—must state the elements that distinguish it from a misdemeanor offense." *Id.* at ¶ 24. Thus, since the jury verdict form did not comply with R.C. 2945.75, the Court found that McDonald could only be convicted of first-degree misdemeanor failure to comply with the order of a police officer. *Id.* at ¶ 26.

**{¶29}** The Eighth Appellate District was the first appellate district to try to reconcile the holdings in *Pelfrey*, *Eafford*, and *McDonald*. *State v. Kilbane*, 8th Dist. No. 99485, 2014-Ohio-1228, ¶ 15-18, *appeal not accepted*, 140 Ohio St.3d 1415, 2014-Ohio-378515 N.E.3d 884. In *Kilbane*, the appellate court concluded that the jury verdict form strictly complied with R.C. 2945.75 and also found that any error did not rise to the level of plain error. Thus, the appellate court engaged in two separate analyses. The court did this based on the three Ohio Supreme Court decisions. It stated:

Further, while *Pelfrey* is the seminal case on the application of R.C. 2945.75(A)(2), the Ohio Supreme Court has subsequently provided us with conflicting guidance on this statute. In *Pelfrey,* despite the defendant having not raised any issue related to the verdict forms during the trial court proceedings, the court did not engage in a plain-

error analysis. The holding in *Pelfrey* implies that failure to strictly comply with R.C. 2945.75(A)(2) always constitutes plain error. Five years later, however, the Ohio Supreme Court in *State v. Eafford,* 132 Ohio St.3d 159, 2012–Ohio–2224, 970 N.E.2d 891, reversed this court for strictly applying *Pelfrey* to a challenge of a jury verdict form under R.C. 2945.75(A), and found that the alleged defect in the jury verdict was not plain error based on other circumstances during the proceedings. Courts since then, including this court, have been trying to reconcile the conflicting opinions of *Pelfrey* and *Eafford. See, e.g., State v. Melton,* 8th Dist. Cuyahoga No. 97675, 2013–Ohio–257 (recognizing a distinction between the plain-error doctrine in *Eafford* and *Pelfrey* ). And while the Ohio Supreme Court arguably abandoned its reasoning in *Eafford* in its recent decision of *State v. McDonald,* 137 Ohio St.3d 517, 2013–Ohio–5042, 1 N.E.3d 374, the court still did not expressly overrule *Eafford,* which appears to be binding precedent.

*Id.* at ¶ 17.

**{¶30}** We agree with the Eighth Appellate District that the holdings in *Pelfrey, Eafford*, and *McDonald* offer somewhat conflicting guidance on R.C. 2945.75. Are we to apply a plain error analysis when reviewing the jury verdict forms or are we to determine if the forms strictly comply with R.C. 2945.75? Both *Pelfrey* and *McDonald* stated the "express requirement of the statute cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form." *Pelfrey*, 2007-Ohio-256 at ¶ 14; *McDonald*, 2013-Ohio-5042 at ¶ 17. Yet, in *Eafford* the Court considered other factors, such as the fact that the indictment was incorporated into the verdict form, that the issue of inadequacy of the verdict form was not raised, the evidence at trial, and the jury instruction. It engaged in a plain error analysis and concluded that Eafford did not show that but for the use of that

verdict form, the outcome of the trial would have been different. *Eafford*, 2012-Ohio-2224 at ¶ 19.

**{¶31}** The Eighth Appellate District's reconciliation of the cases was easy – it applied both tests. The result of each test was the same in that case – the conviction and sentence were affirmed. However, we cannot apply both tests because, in this instance, the different tests lead to different results.

**{¶32}** Under a strict compliance with the R.C. 2945.75 analysis, the jury verdict form would fail and the conviction for first-degree felony felonious assault would have to be vacated and a conviction for second-degree felony felonious assault would have to be instated. Here, the jury verdict form is deficient because it does not state the degree of the felony and it does not state the enhancing element. The form does refer to the statutory section that Barnette is found guilty of, "R.C. 2903.11(A)(2)(D)." However, that reference does not constitute a statement of the enhancing element. Section (D) specifically indicates that convictions of R.C. 2903.11 are second-degree felonies unless otherwise indicated in that section. That section then states that if the victim of a violation of section (A) is a peace officer, the offense is elevated to a first-degree felony. Had the statutory language of section (D) only referred to the fact that when the victim is a police officer the offense is a first-degree felony, this court could have concluded that reference to the specific statute was a statement of the enhancement element. *State v. Moore*, 7th Dist. No. 12MA197, 2013-Ohio-4000, ¶ 24 (citation in appellant's verdict form to R.C. 2941.145(A) saves the verdict form from a claim that it is deficient – statute cited contains the three year firearm specification and does not contain any other type of specification.). In *McDonald*, the Court clearly indicated that the verdict form for the greater offense cannot be identical to the verdict form for the lesser offense. *McDonald*, 2013-Ohio-5042 at ¶ 24. Here, as the form is written, it would be identical; this form could be used for the lesser offense. Consequently, there is no compliance with R.C. 2945.75(A)(2). Thus, under a strict compliance with the R.C. 2945.75 test, reversal would be required.

{¶33} Yet, if we apply a plain error analysis, reversal would not be needed. The indictment clearly charges Barnette with the elevated felonious assault offense. It not only states that it is a first-degree felony, but also states that the alleged victim is peace officer Dorothy Johnson of the Youngstown Police Department. 02/28/13 Indictment. Furthermore, the bill of particulars also indicates that the victim is "Officer Dorothy Johnson of the Youngstown Police Department, a peace officer," and that the felonious assault that Barnette is charged with is a first-degree felony. 07/12/13 Bill of Particulars. Officer Johnson testified at trial that she is an officer with the Youngstown Police Department and three other officers referred to her as "Officer Johnson." Tr. 226, 237, 293, 333. Lastly, the jury was instructed that in order to find Barnette guilty of the charge of felonious assault it had to find beyond a reasonable doubt that he caused physical harm to "Officer Dorothy Johnson of the Youngstown Police Department, a peace officer, while in the performance of her official duties." Tr. 420-421. The only charge the jury was instructed on was first-degree felony felonious assault and the only victim to the felonious assault that was mentioned at trial was Officer Dorothy Johnson. The jury was provided with an instruction on the statutory definition of peace officer. Tr. 422-426. Thus, in applying a plain error analysis as was explained under *Eafford*, all of those factors indicate that the outcome of the trial would not have been different.

{¶34} The above analyses show two different results. Thus, we cannot reconcile the Ohio Supreme Court cases – *Pelfrey*, *Eafford* and *McDonald* – in the manner the Eighth Appellate District did in *Kilbane*.

{¶35} Since *Kilbane* two other appellate districts have had the opportunity to discuss the holdings of *Pelfrey*, *Eafford* and *McDonald* in conjunction with each other. *State v. Wilson*, 9th Dist. No. 12CA010263, 2014-Ohio-3182, ¶ 26; *State v. Duncan*, 3d Dist. No. 8-12-15, 2014-Ohio-2720, ¶ 5-10. Neither case specifically discusses how to reconcile the holdings. Rather, both gloss over *Eafford* and apply the *McDonald* holding since it is the most recent pronouncement from the Ohio Supreme Court on R.C. 2945.75. *Wilson* at ¶ 26; *Duncan* at ¶ 10.

**{¶36}** In this instance, we agree with our sister districts that *McDonald* is the applicable holding. We do so not only because *McDonald* is the most recent decision from the Ohio Supreme Court on the application of R.C. 2945.75, but also because of the clear language of the statute, which was the focus of both the *McDonald* and *Pelfrey* decisions.

**{¶37}** Furthermore, the case before us is distinguishable from *Eafford*. *Eafford* was a drug case that dealt with the identity of the drug and both the state and Eafford agreed that the identity of the drug was not an enhancing element. The state in *Eafford* asserted that the "identity of the drug is an essential, not aggravating, element of a possession offense and that the lowest degree of possession of cocaine in R.C. 2925.11 is a fifth-degree felony." *Eafford*, 2012-Ohio-2224, at ¶ 8. Thus, the state asserted that lowering Eafford's conviction to misdemeanor drug possession conflicted with the charging document and the evidence at trial. Similarly, Eafford claimed that the appeal did not require the Ohio Supreme Court to "revisit *Pelfrey*, because it does not involve 'a difference between the level of the offense charged in the indictment and a lesser version of the same offense reflected in the verdict form. To the contrary, the problem in this case is that there is a different offense charged in the indictment than that reflected in the verdict form." *Id.* at ¶ 9. In looking at the parties' argument and positions, the Ohio Supreme Court in *Eafford* stated that the issue it was asked to decide was, "whether a jury-verdict form finding an accused guilty of possession of drugs as charged in the indictment supports a conviction for possession of cocaine, when the indictment, the evidence produced at trial, and the jury instruction all refer only to one drug." *Id.* at ¶ 10. Given the arguments and the issue as formulated by the Ohio Supreme Court, *Eafford* did not deal with the failure to include the enhancing element in the verdict form. Consequently, we are of the opinion that *Eafford*, at best, is confined to the facts of that case and those facts are distinguishable from the matter at hand. At worst, *Eafford* is an anomaly.

**{¶38}** Therefore, for the above stated reasons, the mandates of *McDonald* and *Pelfrey* are controlling; "the verdict form itself is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed."

*Pelfrey*, 2007-Ohio-256 at ¶ 14; *McDonald*, 2013-Ohio-5042 at ¶ 17. Here, those dictates admittedly were not followed. Thus, appellant's sole assignment of error has merit. His conviction for first degree felony felonious assault is vacated and the matter is remanded to the trial court. Upon remand the trial court is instructed to enter a judgment convicting appellant of felonious assault as a second degree felony and to sentence him accordingly.


Donofrio, J., concurs.
Waite, J., concurs.