[Cite as *State v. Sowards*, 2017-Ohio-8568.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

State of Ohio,                          :

    Plaintiff-Appellee,          :        Case No. 17CA13

    v.                            :

William S. Sowards,                     :
                                        :        DECISION AND JUDGMENT ENTRY
    Defendant-Appellant.          :
                                        :
                                        :        **RELEASED: 11/8/2017**

_____

APPEARANCES:

Kerry M. Donahue, Dublin, Ohio for Defendant-Appellant.

Jason D. Holdren, Gallia County Prosecuting Attorney and Jeremy Fisher, Gallia County Assistant Prosecuting Attorney, Gallia County, Ohio for Plaintiff-Appellee.
_____

Hoover, J.

{¶1}    Appellant William S. Sowards appeals a trial court order executing his sentence and ordering him to report to the Gallia County jail. As it appeared we may not have jurisdiction to consider this matter because it appeared that the order was not a final appealable order, we ordered appellant to file a memorandum addressing this jurisdictional issue. *See* Entry, September 13, 2017.  In response appellant filed a memorandum in support of jurisdiction that contends that this is not "a typical or mill run case" because Sowards has not begun to serve his sentence. Therefore, he contends that he may request a modification of his sentence and the trial court has jurisdiction to make modifications. However, this is not an appeal from a post-conviction relief petition

– it is an appeal from an order granting the state's motion to execute sentence.

**{¶2}** The state contends that a criminal sentence is final upon the issuance of a final order and the trial court cannot modify the sentence even if the sentence had not yet been executed. The state contends that the order executing Sowards's sentence is not a final appealable order.

**{¶3}** We find that the order executing Sowards's sentence is not a final appealable order under R.C. 2505.02(B)(1),(2) or (4). Thus, we dismiss the appeal.

Procedural Background

**{¶4}** In 2006 after a jury found Sowards guilty of marijuana possession, the trial court sentenced him to prison. Sowards appealed and was released on bond pending appeal. We affirmed appellant's conviction. *See State v. Sowards*, 4th Dist. Gallia App. No. 06CA13, 2007–Ohio–4863.

**{¶5}** Sowards sought other forms of appellate and post-conviction relief in both state and federal courts. *See State v. Sowards*, 4th Dist. No. 09CA8, 2011–Ohio–1660; *State v. Sowards*, 116 Ohio St.3d 1508, 880 N.E.2d 484, 2008–Ohio–381; *Sowards v. State*, 555 U.S. 816, 129 S.Ct. 69, 172 L.Ed.2d 26 (2008); *Sowards v. Atty. Gen. of Ohio*, S.D.Ohio No. 2:11-CV-954, 2012 WL 4051238 (Sept. 13, 2012); *State v. Sowards*, 4th Dist. Gallia No. 06CA13, 2013-Ohio-3265. It appears from the trial court docket that Sowards remained released on bond pending numerous appellate filings in the state and federal courts.

**{¶6}** In August 2017, the trial court granted the state's motion to execute sentence and ordered Sowards to report to jail:

> Upon the motion of the State of Ohio, it is ORDERED that the Defendant immediately report to the Gallia County Jail by **8:00 am on Thursday, August 31, 2017**. Should the Defendant fail to report to jail a warrant will issue. SO ORDERED. (Emphasis sic.)

Entry, August 22, 2017. Sowards appeals this entry.

<u>Legal Analysis</u>

**{¶7}** Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. *See, generally*, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.   "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101; *see also*, *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. The threshold requirement, therefore, is that the order satisfies the criteria of R.C. 2505.02.

**{¶8}** The relevant portions of R.C. 2505.02 define a final appealable order as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines that action and prevents a judgment;
>
> (2) An order that affects a substantial right in an action made in a special proceeding or upon a summary application in an action after judgment;
>
>      *     *     *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

<u>R.C. 2505.02(B)(1) and (2) – Substantial Right</u>

**{¶9}** A judgment entry qualifies as a final, appealable order under R.C. 2505.02(B)(1) and (2) if it "affects" a "substantial right" as defined by R.C. 2505.02(A)(1) and either "determines the action and prevents a judgment" or was "made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(1) and (2).

**{¶10}** A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).  An order affects a substantial right when, if not immediately appealable, it would foreclose appropriate relief in the future. *Bell v. Mt. Sinai Med. Ctr.,* 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

**{¶11}** "An order executing a sentence which has been affirmed on appeal is not a final appealable order. It is a ministerial act giving effect to a judgment previously entered by the trial court and affirmed on appeal. As such it does not affect a substantial right." *State v. Halmi,* 8th Dist. No. 80464, 2002-Ohio-2740, ¶ 5. Thus, the trial court's order executing Sowards sentence, which was affirmed on appeal, is a ministerial act and does not affect a substantial right. *Id.; see also State v. Cox*, 7th Dist. Belmont No.

00BA17, 2001-Ohio-3448 (the sentencing order is the final appealable order thus

defendant cannot appeal the court order executing the sentence and requiring him to

report to jail); *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671 (a

criminal sentence is final upon issuance of a final order).

**{¶12}** Additionally, Sowards has no substantial right to remain released on bond

pending multiple post-conviction proceedings. *State v. Ogle*, 4th Dist. Hocking Nos.

11CA29, 11CA32, 12CA2, 12CA11, 12CA12, 12CA19, 2013-Ohio-3420, ¶ 55 ("The

release of an accused on bail after conviction and pending appeal is not a matter of

right but a question to be resolved by an exercise of the sound discretion of the court.").

**{¶13}** Thus we find that the order executing the sentence is not a final

appealable order under R.C. 2505.02(B)(1) or (2) because it does not affect a

substantial right.

R.C. 2505.02(B)(4) – Provisional Remedy

**{¶14}** The order does not satisfy R.C. 2505.02(B)(4) because it does not grant or

deny a provisional remedy. As explained in *Halmi, supra.* "Provisional remedies are

proceedings ancillary to an action, such as preliminary injunctions, orders of

attachment, and discovery of privileged matters." *Id.*, citing R.C. 2505.02(A)(3). "A

recurring theme is that a provisional remedy "protects one party against irreparable

harm by another party during the pendency of the litigation. An order executing

sentence is not consonant with this theme." *Id.*; *see also* Painter and Pollis, *Ohio*

*Appellate Practice*, Section 2.19 (2015-2016 Ed., November 2016 update) (orders

executing sentences in criminal cases do not constitute provisional remedies).

{¶15} Accordingly, we find the judgment entry appealed is not a final appealable order and **DISMISS** the appeal.

{¶16} The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail.

**{¶17}  APPEAL DISMISSED. COSTS TO APPELLANT.  IT IS SO ORDERED.**

Abele, J.:  Concurs.
McFarland, J.: Concurs in Judgment Only.

**FOR THE COURT**

_____
Marie Hoover
Judge